The STATE of Ohio, Appellee,

v.

SINGH, Appellant.

[Cite as *State v. Singh* (2001), 146 Ohio App.3d 38.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2000–L–161.

Decided Sept. 24, 2001.

*Charles E. Coulson,* Lake County Prosecuting Attorney, and *Amy E. Cheatham,* Assistant Prosecuting Attorney, for appellee.

*Jndbr Jit Singh, pro se.*

---

GRENDELL, Judge.

Defendant-appellant, Jndbr Jit Singh ("appellant"), appeals from the judgment entry by the Lake County Court of Common Pleas, denying his motion for super shock probation. For the reasons stated below, we affirm the judgment of the lower court.

On August 24, 1984, appellant was indicted on two counts of kidnapping, in violation of R.C. 2905.01; one count of rape, in violation of R.C. 2907.02; and one count of attempted rape, in violation of R.C. 2923.02. Appellant entered a plea of "not guilty" to all four counts. Appellant failed to appear for a pretrial hearing, resulting in the forfeiture of his bond and the issuance of a warrant for his arrest. Almost thirteen years later, on October 3, 1997, appellant was extradited from Australia to Ohio. Thereafter, on March 4, 1998, appellant entered a plea of guilty to attempted rape, an aggravated felony of the second degree, in violation of R.C. 2907.02 and 2923.02. The state entered a *nolle prosequi* as to the remaining counts. On April 7, 1998, the trial court sentenced appellant to serve a term of incarceration of six to fifteen years in the Lorain Correctional Institution.[1]

---

1. Appellant was credited with two years of pretrial incarceration in Australia while awaiting extradition.

On April 22, 1998, appellant filed a timely notice of appeal, alleging Crim.R. 11 violations. On July 10, 2000, in *State v. Singh* (2000), 141 Ohio App.3d 137, 750 N.E.2d 598, this court reversed and remanded the lower court's judgment entry that accepted appellant's guilty plea. This court reasoned that, even though the written plea agreement stated that he could not be compelled to testify against himself, the trial court failed to adequately explain this right.[2]

On July 19, 2000, pursuant to former R.C. 2947.061, appellant filed a motion for super shock probation.[3] On September 12, 2000, the trial court denied appellant's motion, stating that he was ineligible for super shock probation pursuant to R.C. 2951.02(F)(4) because he was convicted of attempted rape, in violation of R.C. 2907.02 and 2923.02, an aggravated felony of the second degree.

Subsequently, on September 29, 2000, appellant filed a timely notice of appeal, asserting the following assignments of error:

"[1.] The trial court erred in finding that defendant's conviction for an attempted rape of an adult female[,] Ohio Revised Code 2923.02[,] was a conviction of a non-probationable offense.

"[2.] R.C. 2941.142 precludes imposition of a term of actual incarceration pursuant to R.C. 2929.01(C), (1) [*sic*] if the indictment does not contain the specification or the enhancement language expressly set forth in R.C. 2941.142. [*sic*], and therefore a defendant is eligible for probation pursuant to R.C. 2951.02(F), (5) [*sic*][.]"

In appellant's first assignment of error, appellant contends that the trial court erred in concluding that attempted rape is a nonprobationable offense. Appellant avers that R.C. 2951.02(F)(4) is inapplicable because it precludes the grant of probation only to those convicted of rape, not attempted rape. Appellant posits that there is no indication that the legislature intended to preclude probation for the offense of attempted rape.

In appellant's second assignment of error, appellant argues that the indictment against him did not contain specific language; thus, the trial court was prohibited from sentencing him to a term of actual incarceration because actual incarceration is generally associated with firearm specifications and drug offenses, which preclude probation. Appellant adds that his conviction of attempted rape makes him eligible for probation; therefore, he is also eligible for super shock probation under R.C. 2947.061.

---

2. Subsequently, in *State v. Singh* (2001), 92 Ohio St.3d 1213, 748 N.E.2d 1141, the Supreme Court of Ohio *sua sponte* dismissed the state's appeal as having been improvidently allowed.

3. The shock probation statute, R.C. 2947.061, was repealed; however, former R.C. 2947.061 is available to those who, like appellant, committed their crimes prior to July 1, 1996.

Briefly, it is necessary to emphasize that the instant appeal is *only* from the trial court's September 12, 2000 judgment entry denying appellant's motion for shock probation. No other issues are properly or timely before us.

Although this court does not fully support the recent decision of the Supreme Court of Ohio in *State v. Coffman* (2001), 91 Ohio St.3d 125, 742 N.E.2d 644, finding it extreme and questionable, we are bound to follow the holding of that case. The Supreme Court of Ohio stated that a denial of a motion for shock probation, brought pursuant to former R.C. 2947.061(B), is *"never"* a final appealable order because shock probation is not a substantial right. In reaching this decision, the Supreme Court emphasized that, by the time defendants move the trial court for shock probation, many procedural safeguards have already been afforded to them. *Id.* at 128, 742 N.E.2d 644.

For the foregoing reasons, this court does not have jurisdiction to consider appellant's appeal from the September 12, 2000 judgment entry by the Lake County Court of Common Pleas. The appeal is hereby dismissed.

*Appeal dismissed.*

WILLIAM M. O'NEILL, P.J., and NADER, J., concur.