DECISION
{¶ 1} Defendant-appellant, Tamara P. Ingram, has filed a notice of appeal from an entry of the Franklin County Court of Common Pleas, denying her motion for judicial release.
 {¶ 2} In June 1999, appellant was indicted on one count of theft and 19 counts of forgery. Appellant subsequently entered a guilty plea to one count of theft and one count of forgery, and the court entered a nolle prosequi as to the remaining counts. In April 2000, the trial court sentenced appellant to a prison term of four years for the theft count and a term of six months for the forgery count, with the counts to be served consecutively. The trial court also ordered appellant to pay restitution.
 {¶ 3} On December 23, 2002, appellant filed a motion for judicial release, pursuant to R.C. 2929.20. By entry filed January 21, 2003, the trial court denied appellant's motion.
 {¶ 4} Appellant appeals from the court's January 21, 2003 entry, setting forth the following three assignments of error for review:
 I. Trial court's correlation of Judicial Release and Shock Probation in decision process to grant or deny Judicial Release is violation of due process rights of applicant, as Judicial Release and Shock Probation were implemented under separate statutes, in different years, applying to different sentencing structures and developed with different legislative intent[.]
 II. Trial court's denial of a Motion for Judicial Release is a final order and therefore appealable, as it affects a substantial right[.]
 III. Trial court's denial of a Motion for Judicial Release which provides no written findings of fact is an abuse of the Trial court's discretion[.]
 {¶ 5} At the outset, we address a jurisdictional issue raised by appellee, state of Ohio, regarding whether a trial court's denial of a motion for judicial release is a final appealable order. Apparently anticipating the state's argument, appellant argues under her second assignment of error that such a denial is a final appealable order.
 {¶ 6} In State v. Lawson, Franklin App. No. 02AP-148, 2002-Ohio-3329, at ¶ 22-23, this court addressed this issue, holding in relevant part:
 * * * In State v. Coffman (2001), 91 Ohio St.3d 125, 129 * * * the Ohio Supreme Court held that a trial court's denial of a motion for shock probation could never be a final appealable order. The court reasoned that the denial of a motion for shock probation did not affect a "substantial right" because the statutory provision providing for shock probation conferred substantial discretion to the trial court, while simultaneously making no provision for appellate review. Id. at 128 * * *.
 Although judicial release replaced shock probation effective July 1, 1996, the reasoning of Coffman remains solid. Like the statute providing for shock probation, R.C. 2929.20 — the statute authorizing judicial release confers substantial discretion to the trial court, but makes no provision for appellate review. Therefore, we join the Second, Ninth and Twelfth Districts in holding that a motion denying judicial release is not a final appealable order. State v. Green, Greene App. No. 02-CA-17, 2002-Ohio-2595, at ¶ 6 ("consistent with the reasoning in Coffman, we hold that the denial of a motion for judicial release is not a final, appealable order"); State v. Galbreath (2001), Clermont App. No. CA2000-10-078 ("the denial of a motion for judicial release is not a final appealable order" subject to our review); State v. Woods (2001), Lorain App. No. 00CA007676 ("the denial of a motion for judicial release is not a final appealable order"). * * *
 {¶ 7} We find this court's pronouncement in Lawson to be dispositive, and we therefore conclude that we are without jurisdiction to consider appellant's appeal of the trial court's entry denying her motion for judicial release. Accordingly, appellant's three assignments of error, all challenging the trial court's denial of her motion for judicial release, are dismissed for lack of jurisdiction, and appellant's appeal from the January 21, 2003 entry of the Franklin County Court of Common Pleas is hereby dismissed.
Appeal dismissed.
BRYANT and LAZARUS, JJ., concur.