OPINION
{¶ 1} This case is an original action in which relator, Richard A. Rone, seeks a determination as to the validity of a judgment issued in an underlying proceeding before the Ashtabula County Court of Common Pleas. Essentially, relator seeks a declaration that the common pleas judge erred in overruling his motion for judicial release from a state prison. For the following reasons, this court concludes that we lack the jurisdiction to grant the requested relief.
 {¶ 2} In instituting the instant case, relator filed a document which he captioned as a petition for a declaratory judgment. As the factual basis for this petition, he made these general allegations: (1) in late 1997, relator was convicted of three felony offenses and was sentenced to a prison term; (2) in December 2003, relator moved the common pleas court for judicial release under R.C. 2929.20; (3) approximately one month later, the common pleas court denied his motion without benefit of an oral hearing; (4) in May 2005, he filed a second motion for judicial release; and (5) six days after the submission of the second motion, the common pleas court overruled it on the grounds that the court did not have jurisdiction to consider a successive motion for judicial release.
 {¶ 3} As the legal basis for his petition, relator appears to contend that the court of common pleas had jurisdiction to review the merits of his second motion because the court did not conduct an oral hearing on his first motion. He further maintains that the common pleas court's basic jurisdiction over successive motions for judicial release is controlled by R.C. 2929.20(C), and that the court misapplied the statute in overruling his second motion. Based upon this, relator requested in his petition that this court render a declaratory judgment as to the extent of his right for a meaningful hearing under R.C. 2929.20.
 {¶ 4} Without commenting on the actual merits of relator's legal argument, this court would note that, pursuant to Section2(B), Article IV of the Ohio Constitution, the scope of an Ohio appellate court's original jurisdiction is expressly limited to five types of claims. State ex rel. Biros v. Logan, 11th Dist. No. 2003-T-0016, 2003-Ohio-5425, at ¶ 15. Since a declaratory judgment claim is not included in the list delineated under the constitutional provision, an Ohio appellate court does not have the general authority to hear such a claim as a trial court.Wright v. Ghee (1996), 74 Ohio St.3d 465; State ex rel. Coynev. Todia (1989), 45 Ohio St.3d 232. Instead, we can only consider the merits of a declaratory judgment claim in a direct appeal from a decision of a lower court.
 {¶ 5} As an aside, this court would indicate that there is precedent for the basic proposition that the decision of a trial court to deny a motion for judicial release is simply not reviewable. See, e.g., State v. Ingram, 10th Dist. No. 03AP-149, 2003-Ohio-5380. The grounds for this precedent is that such a denial does not affect a substantial right of the defendant because the granting of judicial release is purely within the discretion of a trial judge. Id., citing State v.Coffman, 91 Ohio St.3d 125, 2001-Ohio-273, in which the Supreme Court of Ohio held that the denial of a motion for shock probation can never be a final appealable order. However, in applying Coffman, the court has stated that an exception to theCoffman holding might exist when an issue of the jurisdiction of the trial court is raised. See State v. Occhipinti, 11th Dist. No. 2001-L-144, 2003-Ohio-1093. As a result, even though our Occipinti decision is not directly on point, it is arguable that his jurisdictional argument could have been asserted in a direct appeal from the common pleas court's judgment of May 2005.
 {¶ 6} Since relator has failed to state a claim over which this court has subject matter jurisdiction, the dismissal of his declaratory judgment petition is warranted under Civ.R. 12(B)(1). Therefore, it is the sua sponte order of this court that relator's entire petition is hereby dismissed.
Ford, P.J., O'Neill, J., Grendell, J., concur.