OPINION
{¶ 1} Appellant Scott Bennett appeals the denial of his request for postconviction relief and reconsideration of judicial release in the Muskingum County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} In May 2002, appellant was indicted by the Muskingum County Grand Jury on (1) one count of aggravated robbery, a felony of the first degree; (2) one count of theft, a misdemeanor of the first degree; and (3) kidnapping, a felony of the first degree. On July 22, 2002, appellant withdrew his former pleas of not guilty and entered a plea of guilty to each of the above counts. On September 16, 2002, appellant was sentenced to a term of four years in the Department of Corrections.
 {¶ 3} In November 2004, appellant filed four pro se motions with the trial court, captioned as follows:
 {¶ 4} "1. Motion to File Delayed Post-Conviction Motion;
 {¶ 5} "2. Post Conviction Motion to Request Re-sentencing to Minimum Prison Sentence as per Blakely;
 {¶ 6} "3. Post Conviction Motion to Request Hearing and Appointment of Counsel to Produce Transcript of Sentencing.
 {¶ 7} "4. Petition to Reconsider Judicial Release to Correct Improper Factors — An Alternative to Pending `Blakely' Post Conviction Relief."
 {¶ 8} Via a judgment entry filed December 22, 2004, the trial court denied all four of appellant's motions, concluding thatBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, did not apply. On January 11, 2005, appellant filed a "motion to reconsider all post-conviction and judicial release motions." On February 1, 2005, the trial court issued a judgment entry denying the motion to reconsider.
 {¶ 9} On February 25, 2005, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL AND STATUTORY RIGHTS WHEN IT INCREASED THE TERM OF HIS PUNISHMENT BEYOND THE STATUTORY MAXIMUM 3 YEAR SENTENCE BASED ON ITS OWN INCORRECT FINDINGS OF `ADDITIONAL FACTS' NOT ADMITTED BY HIM IN HIS PLEA.
 {¶ 11} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THE APPELALNT'S [SIC] STATUTORY AND CONSTITUTIONAL (TO INCLUDE EQUAL PROTECTION AND DUE PROCESS) RIGHTS WHEN IT DENIED HIS PROPERLY FILED POSTCONVICTION MOTIONS AND THEREBY REFUSED TO CORRECT HIS VIODABLE [SIC] SENTENCE. BASED ON A RECENT U.S. SUPREME COURT DECISION, THAT WAS LATER AFFIRMED AND APPLIED TO OHIO LAW IN SIMILAR CASES BY OHIO'S COURTS OF APPEALS.
 {¶ 12} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED THE STATUTORY, DUE PROCESS[,] EQUAL PROTECTION, AND CONSTITUTIONAL RIGHTS OF THE APPELLANT WHEN IT DENIED ALL POSTCONVICTION MOTIONS WITHOUT A HEARING AND WITHOUT THE APPOINTMENT OF COUNSEL TO KNOWN INDIGENT AND INCARCERATED DEFENDANT.
 I., II., III. {¶ 13} In his three Assignments of Error, appellant contends the trial court erred in denying his delayed requests for postconviction relief and judicial release. However, appellant's notice of appeal pertains to the trial court's February 1, 2005 denial of his motion to reconsider its previous denial of his November 2004 postconviction and judicial release motions. "There is no authority for filing a motion for reconsideration of a final judgment at the trial court level in a criminal case."State v. Leach, Clermont App. No. CA2004-02-011,2005-Ohio-2370, at ¶ 6, citing City of Cleveland Heights v.Richardson (1983), 9 Ohio App.3d 152, 458 N.E.2d 901. It is well settled that a motion for reconsideration of a final judgment is a nullity. State v. Stillman, Fairfield App. No. 2005-CA-55,2005-Ohio-6299, ¶ 36, citing Pitts v. Ohio Dept. of Trans.
(1981), 67 Ohio St.2d 378, 379, 423 N.E.2d 1105. Pursuant to R.C.2953.23(B), "[a]n order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code."
 {¶ 14} Accordingly, we find we lack jurisdiction over appellant's appeal of the denial of his motion to reconsider the court's original denial of his three motions for postconviction relief. In other words, appellant should have appealed to this Court from the original denial of his motions, by filing a notice of appeal within 30 days of December 22, 2004. Since appellant chose instead to file a motion to reconsider, this Court has lost jurisdiction over these postconviction issues, pursuant to App.R. 4.
 {¶ 15} In regard to the issue of appellant's request for judicial release, it is well-established that the denial of a motion for judicial release is not a final appealable order.State v. Masko, Trumbull App. No. 2004-T-0070, 2004-Ohio-5297, ¶ 2, citing State v. Singh (2001), 146 Ohio App.3d 38. We find appellant's attempt at "reconsideration" of this issue by the trial court did not convert the denial of his judicial release into a final appealable order.
 {¶ 16} We are therefore without jurisdiction to address appellant's Assignments of Error.
 {¶ 17} For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Muskingum County, Ohio, is dismissed.
Wise, P.J. Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal of the judgment of the Court of Common Pleas of Muskingum County, Ohio, is dismissed.
Costs to appellant.