DECISION
{¶ 1} Defendant-appellant, Eric D. Jackson ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas, which denied his motion for judicial release. For the following reasons, we dismiss appellant's appeal.
 {¶ 2} On May 7, 2003, the Franklin County Grand Jury indicted appellant on charges of kidnapping, aggravated robbery, robbery, attempted murder, felonious assault, and having a weapon under disability. On December 16, 2003, appellant *Page 2 
entered a plea of guilty on one charge of robbery, a second-degree felony in violation of R.C. 2911.02.
 {¶ 3} On April 14, 2004, appellant filed a motion to withdraw his guilty plea, arguing that he had not understood that he was subject to a maximum sentence of eight years. Instead, the motion states, appellant understood "that his maximum exposure for incarceration would be five (5) years." However, appellant withdrew his motion to withdraw his guilty plea on April 26, 2004, and the trial court held a sentencing hearing. At that hearing, neither the prosecuting attorney nor appellant's counsel recommended a sentence.
 {¶ 4} On April 28, 2004, the court issued a judgment entry, which found appellant guilty of robbery and ordered that a nolle prosequi be entered for the remaining charges. The court sentenced appellant to five years of incarceration. Appellant did not appeal from his conviction or sentence.
 {¶ 5} On August 8, 2006, appellant filed a motion for judicial release pursuant to R.C. 2929.20. Appellant argued that he had used his time in prison to improve himself and to obtain the educational and recovery programs necessary to ensure that he would not return to prison. The court denied appellant's motion without a hearing.
 {¶ 6} On appeal, appellant raises a single assignment of error: [The] Trial Court wrongfully denied Judicial Release.
 {¶ 7} As an initial matter, plaintiff-appellee, State of Ohio ("appellee"), asserts that this court lacks jurisdiction to hear appellant's appeal because a denial of a motion for judicial release is not a final appealable order. We agree. *Page 3 
 {¶ 8} In State v. Lawson, Franklin App. No. 02AP-148, 2002-Ohio-3329, at ¶ 22-23, this court addressed this question and held, in pertinent part:
 * * * In State v. Coffman (2001), 91 Ohio St.3d 125, 129, the Ohio Supreme Court held that a trial court's denial of a motion for shock probation could never be a final appealable order. The court reasoned that the denial of a motion for shock probation did not affect a "substantial right" because the statutory provision providing for shock probation conferred substantial discretion to the trial court, while simultaneously making no provision for appellate review. Id. at 128.
 Although judicial release replaced shock probation effective July 1, 1996, the reasoning of Coffman remains solid. Like the statute providing for shock probation, R.C. 2929.20
— the statute authorizing judicial release — confers substantial discretion to the trial court, but makes no provision for appellate review. Therefore, we join the Second, Ninth and Twelfth Districts in holding that a motion denying judicial release is not a final appealable order. State v. Green, Greene App. No. 02-CA-17, 2002-Ohio-2595, at ¶ 6 ("consistent with the reasoning in Coffman, we hold that the denial of a motion for judicial release is not a final, appealable order"); State v. Galbreath (2001), Clermont App. No. CA2000-10-078 ("the denial of a motion for judicial release is not a final appealable order" subject to our review); State v. Woods (2001), Lorain App. No. 00CA007676 ("the denial of a motion for judicial release is not a final appealable order"). Because the denial of a motion for judicial release is not a final appealable order, we dismiss defendant's third and fourth assignments of error.
 {¶ 9} This court reiterated the Lawson holding in State v.Ingram, Franklin App. No. 03AP-149, 2003-Ohio-5380, in which the court dismissed an appeal from a denial of an appellant's motion for judicial release. Based on this court's holdings in Lawson and Ingram, we conclude that we have no jurisdiction to consider appellant's assignment of error. *Page 4 
 {¶ 10} We further conclude that appellant may not avoid this jurisdictional barrier by arguing to this court that he entered his guilty plea only after his counsel's promise of judicial release. We find no support for this assertion in the record, and appellant made no such argument to the trial court, either before or after sentencing. Having failed to raise this issue to the trial court, appellant has waived his right to raise it on appeal. State ex rel. Zollner v. Indus.Comm. (1993), 66 Ohio St.3d 276, 278 ("[a] party who fails to raise an argument in the court below waives his or her right to raise it" on appeal).
 {¶ 11} For these reasons, we dismiss appellant's appeal from the judgment of the Franklin County Court of Common Pleas.
Appeal dismissed.
 SADLER, P.J., and KLATT, J., concur. *Page 1