OPINION *Page 2 
{¶ l} Defendant Robert Hanes appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which overruled his motion for judicial release. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION FOR JUDICIAL RELEASE PURSUANT TO SECTION 2929.20 OF THE OHIO REVISED CODE, AFTER RENDERING AN ORDER AND THE CLERK OF COURT FILING SAID ORDER, THAT THE TERMS AND CONDITIONS OF THE DEFENDANT-APPELLANT'S PREVIOUS JUDICIAL RELEASE SANCTIONS ARE REINSTATED AND EXTENDED FOR AN ADDITIONAL TWO (2) YEARS, FOR A TOTAL OF FIVE (5) YEARS.
 {¶ 3} "THE TRIAL COURT ERRED BY RENDERING AN ORDER REMANDING DEFENDANT APPELLANT TO A PENAL FACILITY WITHOUT AN ADJUDICATION HEARING, THUS VIOLATING DEFENDANT-APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION."
 {¶ 4} The record indicates appellant was originally sentenced in March, 1999, for one count of aggravated burglary with a gun specification. The court also sentenced appellant to five years post-release control, and ordered appellant to pay restitution.
 {¶ 5} Thereafter, appellant filed motions for judicial release in August of 2002 and March of 2003, but the court found judicial release was not warranted. In March, 2004 appellant moved for judicial release, and the court sustained the motion. In July, 2005, appellant's probation officer moved to revoke the judicial release. In August, *Page 3 
2005, the court revoked appellant's judicial release and ordered appellant to serve the remaining portion of his original sentence.
 {¶ 6} In January 2006, appellant moved for judicial release and the court denied it. On June 30, 2006, appellant moved for judicial release again, and on August 7, 2006, the court overruled it, finding probation or judicial release is not warranted in this case. It is from the August 7, 2006 order appellant appeals.
 {¶ 7} Appellant's assignments of error appear to challenge the trial court's judgment of August, 2005. We find appellant's arguments concerning that judgment are untimely, and this court does not have jurisdiction to review them. Appellant's appeal is taken from a denial for a motion for judicial release, and it is well established this is not a final appealable order, see State v. Bennett, Muskingum App. No. CT2005-0009, 2006-Ohio-2812, at paragraph 15, citations deleted. We find we do not have jurisdiction over this judgment.
 {¶ 8} For the foregoing reasons, the appeal is dismissed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction. Costs to appellant. *Page 1