OPINION
{¶ 1} Defendant-appellant, Paul J. Williams ("appellant"), appeals the Franklin County Court of Common Pleas' denial of his motion for judicial release. Determining that we lack jurisdiction, we dismiss appellant's appeal.
 {¶ 2} The Franklin County Grand Jury indicted appellant on charges of tampering with evidence, a third-degree felony, in violation of R.C.2921.12, breaking *Page 2 
and entering, a fifth-degree felony, in violation of R.C. 2911.13, and possessing criminal tools, a fifth-degree felony, in violation of R.C.2923.24.
 {¶ 3} On July 23, 2007, appellant signed a plea agreement, in which he pled guilty to attempted tampering with evidence, a felony of the fourth degree, in violation of R.C. 2923.02. The agreement acknowledges appellant's understanding that the maximum prison term for the offense is 18 months. The agreement also acknowledges appellant's understanding that the prosecution and defense jointly recommended to the court "A ONE YEAR SENTENCE WITH JUDICIAL RELEASE AFTER 3 MONTHS SERVED INTO THE FRANKLIN COUNTY [Community Based Correctional Facility ("CBCF")] PROGRAM, WITH 113 DAYS JTC." Our record does not contain a transcript of appellant's appearance before the trial court on that date.
 {¶ 4} The trial court held a sentencing hearing on August 9, 2007. Appellant states that, on that date, the court sentenced him in accordance with the plea recommendation, with judicial release to be granted after serving three months. However, the judgment entry does not contain any reference to judicial release. Rather, the entry indicates that the court imposed a 12-month sentence to be served at the Department of Rehabilitation and Correction. Our record does not contain a transcript of the sentencing hearing.
 {¶ 5} On October 2, 2007, appellant's counsel filed a comprehensive motion for judicial release on his behalf. In it, he asked for release only to CBCF. Plaintiff-appellee, State of Ohio ("appellee"), did not oppose the motion. Rather, appellee's response indicated that, "[p]ursuant to a joint recommendation for judicial release into *Page 3 
CBCF at this time, the State of Ohio defers to the court for a ruling in this matter." The trial court denied the motion on November 2, 2007. *Page 4 
 {¶ 6} In this appeal, appellant raises a single assignment of error:
 The trial court abused its discretion by not granting Appellant's Motion for Judicial Release, Thus making Appellant's pleas of guilt not Knowing, Voluntarily, or Intelligently made.
 {¶ 7} As an initial matter, appellee asserts that this court lacks jurisdiction to hear appellant's appeal because a denial of a motion for judicial release is not a final appealable order. We agree.
 {¶ 8} In State v. Lawson, Franklin App. No. 02AP-148, 2002-Ohio-3329, ¶ 22-23, this court addressed this question and held, in pertinent part:
 * * * In State v. Coffman (2001), 91 Ohio St.3d 125, 129, the Ohio Supreme Court held that a trial court's denial of a motion for shock probation could never be a final appealable order. The court reasoned that the denial of a motion for shock probation did not affect a "substantial right" because the statutory provision providing for shock probation conferred substantial discretion to the trial court, while simultaneously making no provision for appellate review. Id. at 128.
 Although judicial release replaced shock probation effective July 1, 1996, the reasoning of Coffman remains solid. Like the statute providing for shock probation, R.C. 2929.20
— the statute authorizing judicial release — confers substantial discretion to the trial court, but makes no provision for appellate review. Therefore, we join the Second, Ninth and Twelfth Districts in holding that a motion denying judicial release is not a final appealable order. State v. Green, Greene App. No. 02-CA-17, 2002-Ohio-2595, at ¶ 6 ("consistent with the reasoning in Coffman, we hold that the denial of a motion for judicial release is not a final, appealable order"); State v. Galbreath (2001), Clermont App. No. CA2000-10-078 ("the denial of a motion for judicial release is not a final appealable order" subject to our review); State v. Woods (2001), Lorain App. No. 00CA007676 ("the denial of a motion for judicial release is not a final appealable order"). Because the denial of a motion for judicial release is not a final appealable order, we dismiss defendant's third and fourth assignments of error. *Page 5 
 {¶ 9} This court reiterated the Lawson holding in State v.Ingram, Franklin App. No. 03AP-149, 2003-Ohio-5380, and again inState v. Jackson, Franklin App. No. 06AP-1004, 2007-Ohio-2470. In each of these cases, this court dismissed an appeal from a denial of an appellant's motion for judicial release. Based on this court's holdings in Lawson, Ingram, and Jackson, we conclude that we have no jurisdiction to consider appellant's assignment of error.
 {¶ 10} We further conclude that appellant may not avoid this jurisdictional barrier by arguing that the trial court "broke its agreement" to grant a motion for judicial release after three months. As this court indicated in the cases we cited above, a trial court has substantial discretion in determining whether to grant judicial release. The trial court was under no obligation to grant judicial release here.
 {¶ 11} For these reasons, we dismiss appellant's appeal from the judgment of the Franklin County Court of Common Pleas.
Appeal dismissed.
 KLATT and SADLER, JJ., concur. *Page 1