OPINION
{¶ 1} Defendant-appellant, Thomas W. Thompson, Jr., appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for postconviction relief. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In April 2005, defendant was indicted on one count of aggravated murder, with specification, and one count of tampering with evidence. Prior to the start of trial in October 2005, the aggravated murder count was amended to the lesser-included offense of murder, with specification. At the conclusion of the trial, the jury found defendant guilty of murder, with specification, and tampering with evidence. The trial court sentenced *Page 2 
defendant to prison for 15 years to life on the murder charge, consecutive to a three-year term for the specification, and five years on the tampering-with-evidence charge, to be served concurrently to the other sentences. Defendant appealed to this court, alleging that the evidence was insufficient to support his conviction and that his conviction was against the manifest weight of the evidence. This court rejected defendant's arguments and affirmed the judgment of the trial court. See State v. Thompson, Franklin App. No. 05AP-1268,2006-Ohio-3440.
 {¶ 3} Defendant subsequently filed, pursuant to App. R. 26(B), an application to reopen his appeal and the appellate judgment of this court. In said application, defendant set forth arguments that, in his view, his appellate counsel should have raised as error in the appeal. Specifically, defendant argued that his appellate counsel should have raised an assignment of error regarding prosecutorial misconduct. He also argued that his appellate counsel should have alleged that his trial counsel was ineffective for not objecting to inadmissible testimony and for not filing a motion to suppress. This court found these arguments to be unpersuasive and denied defendant's application to reopen. See State v. Thompson (Nov. 30, 2006), Franklin App. No. 05AP-1268 (Memorandum Decision).
 {¶ 4} During the pendency of appellant's direct appeal, defendant filed a petition for postconviction relief pursuant to R.C. 2953.21, wherein he asserted a claim of ineffective assistance of trial counsel. On April 24, 2008, the trial court denied defendant's petition without a hearing. Defendant appeals from this judgment and presents the following single assignment of error for our review: *Page 3 
 WHETHER THE COURT ABUSED ITS DISCRETION AND THUS, DENIED THE APPELLANT OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS WHEN IT DENIED HIS POST CONVICTION PETITION WITHOUT AN EVIDENTIARY HEARING.
 {¶ 5} By his assignment of error, defendant alleges that the trial court erred in denying his petition for postconviction relief without a hearing. The postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v.Calhoun (1999), 86 Ohio St.3d 279, 281. It is a means by which the petitioner may allow the court to reach constitutional issues that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. The petition for postconviction relief is, thus, not intended to provide a defendant with a second opportunity to litigate his conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. State v. Jackson (1980), 64 Ohio St.2d 107.
 {¶ 6} In order for the trial court to grant a hearing, the petitioner must provide evidence that demonstrates a cognizable claim of constitutional error, R.C. 2953.21(C), and such evidence must demonstrate that the denial or infringement of the petitioner's constitutional rights render the petitioner's conviction or sentence void. State v. Perry (1967), 10 Ohio St.2d 175, paragraph four of the syllabus. Evidence outside the record in the form of petitioner's own self-serving affidavit alleging constitutional deprivation will not compel a hearing. State v. Kapper (1983), 5 Ohio St.3d 36, 37-38.
 {¶ 7} In reviewing whether the trial court erred in denying a petitioner's motion for postconviction relief without a hearing, the appellate court applies an abuse-of-discretion *Page 4 
standard. State v. Campbell, Franklin App. No. 03AP-147, 2003-Ohio-6305, at ¶ 14. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 8} In support of his petition, defendant asserted that his counsel lied to him and that his counsel should have called as a witness a medical expert to show that he was incapable of dragging a dead body, as was alleged at trial. He also asserted that his counsel should have hired a forensic expert to investigate possible evidence relating to the allegation that he dragged the dead body in an alley near his residence. Defendant claimed that this evidence would have demonstrated his innocence.
 {¶ 9} Preliminarily, we note that, in this appeal, defendant, in addition to alleging ineffective assistance of counsel, appears to challenge his sentence on the basis of his Sixth Amendment right to a trial by jury and United States Supreme Court decisions concerning that right. Apparently, defendant's argument is based upon Supreme Court decisions in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348. Because this trial-by-jury sentencing issue was not raised before the trial court, defendant has failed to preserve this perceived error for purposes of appeal. See, e.g., State v. Jackson, Franklin App. No. 06AP-1004, 2007-Ohio-2470, at ¶ 10. Furthermore, this court has determined that a postconviction petition asserting a claim premised upon Blakely and/or Apprendi is unavailing. See, e.g., State v.Reynolds, Franklin App. No. 06AP-996, 2007-Ohio-2188.
 {¶ 10} We now address defendant's ineffective-assistance claim. In order to obtain reversal of a conviction based upon ineffective assistance of counsel, a defendant *Page 5 
must satisfy the two-prong test set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. Pursuant toStrickland, defendant must first demonstrate that his trial counsel's performance was deficient. In this regard, a court reviewing an ineffective-assistance-of-counsel claim must determine whether, under the circumstances, the acts or omissions were "outside the wide range of professionally competent assistance." Id. at 690. Second, in order for defendant to establish ineffective assistance of trial counsel, he must demonstrate that the deficient performance prejudiced him. This requires defendant to show "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable." Id. at 687. In other words, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 {¶ 11} In view of the Strickland test, in order to secure a hearing on an ineffective-assistance-of-counsel claim in a petition for postconviction relief, the petitioner bears the initial burden of submitting evidentiary documents that together contain sufficient operative facts which, if believed, would establish that defense counsel substantially violated at least one of the defense attorney's essential duties to his client, and that the defendant was prejudiced as a result.State v. Harris, Franklin App. No. 07AP-972, 2008-Ohio-2837, at ¶ 11, citing both State v. Cole (1982), 2 Ohio St.3d 112, 114, and State v.Jackson (1980), 64 Ohio St.2d 107, at syllabus.
 {¶ 12} As outlined above, in support of his postconviction petition, defendant made various assertions and allegations as to why, in his view, his counsel provided ineffective assistance. However, these assertions and allegations were not supported by any evidentiary material. Therefore, defendant did not meet his burden of submitting *Page 6 
evidentiary documents that, if believed, would establish ineffective assistance. Consequently, we conclude that the trial court did not err in denying defendant's postconviction petition without a hearing.
 {¶ 13} Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER and FRENCH, JJ., concur. *Page 1