[Cite as *State v. Cody*, 2011-Ohio-2289.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95753**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TYRONE CODY

DEFENDANT-APPELLANT

**JUDGMENT:
DISMISSED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-516633

**BEFORE:** Rocco, J., Celebrezze, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** May 12, 2011

**FOR APPELLANT**

Tyrone Cody, pro se
Inmate No. 571-526
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio 43950

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Edward H. Kraus
        Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1} Defendant-appellant Tyrone Cody, proceeding pro se, appeals from the most recent trial court order that denied his fifth motion for judicial release, which was accompanied by a "motion for recusal."

{¶ 2} Cody presents two assignments of error. He argues the trial court acted improperly in failing to recuse itself from conducting further proceedings in this case. He further argues the trial court abused its

discretion in denying his fifth motion for judicial release with the notation he was "not to further file, based on these issues."

{¶ 3} This court lacks jurisdiction to consider either of Cody's assignments of error. Therefore, his appeal is dismissed.

{¶ 4} In view of the necessity of dismissal, the underlying facts of this case will be discussed only briefly. The App.R. 9(A) record reveals Cody originally was indicted in October 2008. He was charged with many co-defendants on numerous counts pertaining to an alleged mortgage fraud scheme.

{¶ 5} In June 2009, Cody entered guilty pleas to twelve counts in order to obtain the dismissal of the others. The trial court called his case for sentencing on July 16, 2009, and imposed a prison term that totaled two years. The next day, the order of Cody's sentence was filed with the court clerk.

{¶ 6} The record reflects that, beginning in early 2010, Cody filed successive motions pursuant to R.C. 2929.20 seeking judicial release. The trial court denied each. Cody filed his motions on the following dates: March 29, 2010; April 14, 2010; April 20, 2010; June 7, 2010; and, finally for purposes of this appeal, August 11, 2010.

{¶ 7} The latter motion also was accompanied by a "motion for recusal." Cody alleged therein that his "undersigned counsel" was "affiliated with the law firm" that represented the trial judge in another matter.

{¶ 8} In his motions for judicial release, Cody generally argued that his convictions were the result of circumstances not likely to reoccur, that substantial grounds existed tending to excuse his convictions, and that he had responded to correctional treatment. The trial court denied his motions within approximately one week of their filing dates without opinion.

{¶ 9} Cody filed his appeal in this case from the trial court's August 26, 2010 judgment entry, which states:

{¶ 10} "Defendant's motion for judicial release is denied. Defendant has now filed five (5) motions for judicial release. This case is concluded. There are no substantive remaining issues. Defendant is not to further file, based on these issues."

{¶ 11} Cody presents the following two assignments of error.

{¶ 12} **"I.   The trial court erred and abused its discretion when it arbitrarily, improperly, and/or with bias denied the defendant-appellant's motion for recusal in violation of defendant-appellant's constitutional rights, and accordingly, the**

denial must be vacated and remanded for further proceedings, and the trial court must recuse itself.

{¶ 13} "II.   The trial court erred and abused its discretion when it ordered, in effect, the preclusion of the defendant-appellant from filing any subsequent motions for judicial release, which violated the defendant-appellant's rights and was not in compliance with R.C. 2929.20, and, accordingly, is contrary to law and void, and, therefore, must be vacated."

{¶ 14} Since this court lacks jurisdiction to consider either of Cody's assignments of error, they cannot be addressed.

{¶ 15} The following is relevant to the argument Cody presents in his first assignment of error:

{¶ 16} "The Chief Justice of the Ohio Supreme Court, or his designee, has *exclusive jurisdiction* to determine a claim that a common pleas judge is biased or prejudiced.   Section 5(C), Article IV, Ohio Constitution.   R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas court judge is biased and prejudiced.   *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 132 N.E.2d 191, paragraph three of the syllabus; *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 11, 663 N.E.2d 657. A litigant who believes that the trial judge should be disqualified must file an

affidavit of bias or prejudice with the clerk of the supreme court pursuant to R.C. 2701.03. Id. Since only the Chief Justice or her designee may hear a disqualification matter, *a court of appeals is without authority* to void the judgment of the trial court because of bias or prejudice of the judge. *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441-42, 377 N.E.2d 775." (Emphasis added.) *State v. Mackey* (Feb. 14, 2000), Warren App. No. CA99-06-065. See, also, *State v. Bacon*, Cuyahoga App. No. 85475, 2005-Ohio-6238, ¶66.

{¶ 17} If Cody believed the trial judge should be removed from his case due to bias or prejudice against him, his exclusive remedy was to file an affidavit of disqualification pursuant to R.C. 2701.03. This court lacks jurisdiction to decide the merits of Cody's first assignment of error.

{¶ 18} Likewise, this court cannot determine the merits of Cody's second assignment of error.

{¶ 19} Cody argues therein that the trial court abused its discretion in denying his fifth motion for judicial release. However, "it is well-established that the denial of a motion for judicial release is not a final appealable order. *State v. Masko*, Trumbull App. No. 2004-T-0070, 2004-Ohio-5297, ¶2, citing *State v. Singh* (2001), 146 Ohio App.3d 38[, 764 N.E.2d 1096]." *State v. Bennett*, Muskingum App. No. CT2005-0009, 2006-Ohio-2812, ¶15. See, also, *State v. Hanes*, Coshocton App. No. 2006-CA-013, 2007-Ohio-3764, ¶7; *Rone v.*

*State,* Ashtabula App. No. 2005-A-0075, 2006-Ohio-1268, ¶5, citing *State v. Coffman,* 91 Ohio St.3d 125, 2001-Ohio-273, 742 N.E.2d 644.

**{¶ 20}** Since the trial court's denial of Cody's motion for judicial release does not constitute a final order, this court also lacks jurisdiction to consider this argument.

Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
COLLEEN CONWAY COONEY, J., CONCUR