[Cite as *State ex rel. Hough v. Saffold*, 2011-Ohio-3477.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    96468

## STATE OF OHIO EX REL.,
## TERRANCE HOUGH

RELATOR

vs.

## HONORABLE SHIRLEY STRICKLAND SAFFOLD

RESPONDENT

### JUDGMENT:
### WRIT DENIED

Writ of Mandamus and/or Procedendo
Motion No. 442897

Order No. 445491

**RELEASE DATE:**    July 11, 2011

**FOR RELATOR**

Terrance M. Hough, Jr.
Inmate No. A550-442
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio    43608-0033

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
By:    James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

MARY J. BOYLE, J.:

{¶ 1} On March 1, 2011, the relator, Terrance Hough, commenced this mandamus and/or procedendo action against the respondent, Judge Shirley Strickland Saffold, to compel the judge to issue final, appealable orders for (1) a denial of a motion to recuse herself, and (2) a denial of a motion to supplement a postconviction relief petition in the underlying case, *State v. Hough*, Cuyahoga County Common Pleas Court Case No. CR-499308.    The respondent moved for summary judgment on March 17, 2011, and Hough filed his reply brief on April 1,

2011. For the following reasons, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus or procedendo.

Factual and Procedural Background

{¶ 2} In the underlying case in May 2008, a jury convicted Hough of three counts of aggravated murder and two counts of attempted murder, all with three-year firearm specifications, and the trial court sentenced him to three consecutive sentences of life without parole, consecutive to two consecutive ten-year sentences and consecutive to three years for the firearm specifications. The docket of the underlying case shows the following: On December 30, 2009, Hough filed his first postconviction relief petition along with a motion to amend. On January 7, 2010, the trial court denied both the postconviction relief petition and the motion to amend. On July 16, 2010, Hough filed a second postconviction relief petition, which the trial court denied on August 4, 2010. On September 9, 2010, Hough moved the trial court to issue findings of fact and conclusions of law. Then on September 22, 2010, he moved for Judge Saffold to recuse herself and moved to supplement the postconviction relief petition. Judge Saffold issued findings of fact and conclusions of law on October 5, 2010. She denied the motion to recuse herself and the motion to supplement the postconviction relief petition on October 7, 2010.

{¶ 3} Hough appealed these decisions in *State v. Hough*, Cuyahoga County Court of Appeals Case No. 95954. This court sua sponte dismissed this appeal for lack of a final, appealable order pursuant to R.C. 2505.02 on November 8, 2010. Hough then commenced this mandamus and/or procedendo action to compel Judge Saffold to issue final, appealable orders.

Discussion of Law

{¶ 4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and *State ex rel. Pressley v. Indus. Comm. of Ohio* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan* (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy,

regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108, and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser* (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; *State ex rel. Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 113 N.E.2d 14; *State ex rel. Connole v. Cleveland Bd. of Ed.* (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and *State ex rel. Dayton-Oakwood Press v. Dissinger* (1940), 32 Ohio Law Abs. 308.

{¶ 5} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie County Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 553 N.E.2d 1354. Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Thus, procedendo will not lie to control the exercise of judicial discretion. Moreover, it will not issue if the petitioner has or had an adequate remedy at law. *State ex rel. Utley v. Abruzzo*

(1985), 17 Ohio St.3d 202, 478 N.E.2d 789; *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 589 N.E.2d 1324; and *Howard v. Cuyahoga Cty. Probate Court*, Cuyahoga App. No. 84702, 2004-Ohio-4621 (petitioner failed to use an adequate remedy at law).

{¶ 6} A trial judge's denial of a motion to recuse is not an appealable order. In *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 377 N.E.2d 775, the Supreme Court of Ohio ruled that only the Chief Justice of the Supreme Court of Ohio or his designee may rule upon the disqualification of a judge. Thus, the Court of Appeals is without jurisdiction to rule upon the disqualification of a judge, and that includes review of a motion to recuse. *State v. Ramos* (1993), 88 Ohio App.3d 394, 623 N.E.2d 1336; *State v. Cody*, Cuyahoga App. No. 95753, 2011-Ohio-2289; and *State v. Scruggs*, Cuyahoga App. No. 94518, 2010-Ohio-5604. Therefore, Hough does not have a clear, legal right to a final, appealable order for a motion to recuse, and the trial judge has no duty to issue one. Furthermore, Judge Saffold ruled on the motion. Neither mandamus nor procedendo will lie for this matter.

{¶ 7} As to the motion to supplement the postconviction relief petition, the respondent judge fulfilled her duty by ruling on the motion. There is no duty to issue findings of fact and conclusions of law for untimely or successive postconviction relief petitions, much less motions to supplement such petitions. *State ex rel. Kimbrough v. Greene,* 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155; *State ex rel. Workman v. McGrath* (1980), 40 Ohio St.3d

91, 532 N.E.2d 105; and *State ex rel. Jefferson v. Russo*, Cuyahoga App. No. 90682, 2008-Ohio-135. Thus, Hough has not established a clear, legal duty or a clear, legal right to a more complete ruling on the motion to supplement. Moreover, Hough had an adequate remedy at law by seeking appeal to the Supreme Court of Ohio.

{¶ 8} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus and/or procedendo. Costs assessed against relator. This court directs the clerk of court for the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

_____
MARY J. BOYLE, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR