[Cite as *State v. Deese*, 2024-Ohio-1758.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                  :

     Plaintiff-Appellee,                    :
                                                                No. 23AP-709
v.                                              :              (C.P.C. No. 19CR-5422)

Michael B. Deese,                              :              (ACCELERATED CALENDAR)

     Defendant-Appellant.                   :

State of Ohio,                                  :

     Plaintiff-Appellee,                    :
                                                                No. 23AP-710
v.                                              :              (C.P.C. No. 19CR-5423)

Michael B. Deese,                              :              (ACCELERATED CALENDAR)

     Defendant-Appellant.                   :

State of Ohio,                                  :

     Plaintiff-Appellee,                    :
                                                                No. 23AP-711
v.                                              :              (C.P.C. No. 19CR-6119)

Michael B. Deese,                              :              (ACCELERATED CALENDAR)

     Defendant-Appellant.                   :

State of Ohio,                                  :

     Plaintiff-Appellee,                    :
                                                                No. 23AP-712
v.                                              :              (C.P.C. No. 21CR-3546)

Michael B. Deese,                              :              (ACCELERATED CALENDAR)

     Defendant-Appellant.                   :

---

### D E C I S I O N

Rendered on May 7, 2024

---

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Michael B. Deese*, pro se.

---

APPEALS from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1}    Defendant-appellant, Michael B. Deese, appeals the judgment of the Franklin County Court of Common Pleas denying his motions for judicial release.

## I. Facts and Procedural History

{¶ 2}    This case arises from appellant's identical motions for judicial release in four of his criminal cases: 19CR-5422, 19CR-5423, 19CR-6119, and 21CR-3546.  These cases have been consolidated for purposes of appeal.  Appellant pled guilty to multiple charges of drug possession and one charge of possessing a weapon while under disability.  The plea agreement provided plaintiff-appellee, State of Ohio, would defer to the trial court on the question of judicial release "provided [appellant] has a good institutional record."  (Entry of Guilty Plea at 1.)  On April 26, 2022, the trial court sentenced appellant in all four cases, imposing an aggregate sentence of four and one-half years in prison.  Appellant did not appeal his sentence.

{¶ 3}    On January 23, 2023, appellant filed in each of his criminal cases a motion for judicial release, with supplemental motions filed April 13, 2023.  The state opposed each motion.  On May 25, 2023, the trial court denied the motions for judicial release.  On July 6, 2023, appellant filed what appears to be a second set of motions for judicial release.  The state again opposed the motions.  On November 11, 2023, the trial court denied the second set of motions.  Finally, on November 29, 2023, appellant filed a notice of appeal from each denial of judicial release.

## II. Assignments of Error

{¶ 4}  Appellant presents the following two assignment of error for our review:

> I. The trial court abused its discretion when it denied judicial release pursuant to the State's breach of agreement that required specific performance.

> II. The consecutive-sentence findings in Case No. 21CR-3546 are not supported by the record.

## III. Analysis

{¶ 5}   As a threshold matter, the state asserts this court lacks jurisdiction to hear the present appeals because the denial of a motion for judicial release is not a final appealable order.

{¶ 6}   We have previously held " 'a motion denying judicial release is not a final appealable order,' " explaining the judicial release statute " 'confers substantial discretion to the trial court, but makes no provision for appellate review.' " *State v. Williams*, 10th Dist. No. 07AP-1035, 2008-Ohio-1906, ¶ 8, quoting *State v. Lawson*, 10th Dist. No. 02AP-148, 2002-Ohio-3329, ¶ 23; *see* R.C. 2929.20.  This court has denied jurisdiction over such cases time and again. *E.g.*, *Lawson*; *State v. Ingram*, 10th Dist. No. 03AP-149, 2003-Ohio-5380, ¶ 7; *State v. Jackson*, 10th Dist. No. 06AP-1004, 2007-Ohio-2470, ¶ 9; and *Williams*. Additionally, other Ohio appellate courts have similarly held that a trial court's denial of judicial release is not a final appealable order.  *E.g.*, *State v. Cruz*, 8th Dist. No. 109770, 2021-Ohio-947, ¶ 11; *State v. Weir*, 11th Dist. No. 2021-A-0032, 2022-Ohio-330, ¶ 3; and *State v. Pope*, 1st Dist. No. C-200317 (Sept. 15, 2021).

{¶ 7}   In the present cases, the trial court denied appellant's motions for judicial release.  In line with our prior holdings, we conclude this court lacks jurisdiction to consider appellant's assignments of error.  Furthermore, the present appeals are jurisdictionally barred notwithstanding appellant's allegation that his plea agreement was violated. *See Williams* at ¶ 10.  The trial court had no obligation to grant judicial release because, as already explained, R.C. 2929.20 provides trial courts ample discretion in such matters.

**IV. Conclusion**

{¶ 8}    For the foregoing reasons, appellant's two assignments of error are dismissed for want of jurisdiction.  We accordingly dismiss appellant's appeals from the judgment of the Franklin County Court of Common Pleas.

*Appeals dismissed.*

DORRIAN and BOGGS, JJ., concur.

———————————