OPINION
{¶ 1} On May 8, 1997, the Morgan County Grand Jury indicted appellant, James Mayle, on one count of complicity to convey drugs into a detention facility in violation of R.C. 2921.36
(Case No. CR-97-32). On August 14, 1997, the Morgan County Grand Jury indicted appellant on one count of kidnapping in violation of R.C. 2905.01 and one count of domestic violence with a prior conviction for domestic violence in violation of R.C. 2919.25
(Case No. CR-97-52).
 {¶ 2} A jury trial on all counts commenced on December 30, 1997. The jury found appellant guilty as charged. By judgment entries filed January 20, 1998, the trial court sentenced appellant to eleven months in prison in Case No. CR-97-32 and an aggregate term of ten years in Case No. CR-97-52, to be served consecutively.
 {¶ 3} Appellant filed an appeal. This court affirmed appellant's conviction and sentence. See, State v. Mayle
(September 23, 1999), Morgan App. No. CA-98-01.
 {¶ 4} On March 28, 2006, appellant filed a petition to vacate or set aside the judgment of sentence and for resentencing, claiming his sentence was unconstitutional pursuant to Blakelyv. Washington (2004), 542 U.S. 296, and State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. By judgment entry filed May 8, 2006, the trial court denied the petition.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "THE TRIAL COURT ERRED BY ENHANCING DEFENDANT-APPELLANT'S SENTENCE OVER THE PRESUMPTIVE MINIMUM WITHOUT SUBMITTING THE JUDICIAL FACT-FINDINGS TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION FROM DEFENDANT-APPELLANT."
 II {¶ 7} "THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE UPON DEFENDANT-APPELLANT WITHOUT SUBMITTING THE JUDICIAL FACTFINDINGS TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION FROM DEFENDANT-APPELLANT."
 III {¶ 8} "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO VACATE OR SET ASIDE JUDGMENT OF SENTENCE FOR RESENTENCING UNDER THE STATE V. FOSTER, ___ OHIO ST. 3D,2006-OHIO-856 AT 105-106 MANDATE, QUOTING RING V. ARIZONA,536 U.S. 584 (2002)."
 I, II, III {¶ 9} Appellant claims his sentence violates the dictates ofBlakely v. Washington (2004), 542 U.S. 296, and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 10} Appellant challenged his sentence in his direct appeal. This court upheld his sentence. See, State v. Mayle
(September 23, 1999), Morgan App. No. CA-98-01. Appellant now challenges his sentence pursuant to Blakely and Foster via the trial court's denial of his petition for postconviction relief. Because the case sub judice is an appeal from a petition for postconviction relief, it is not subject to the resentencing remand of Foster:
 {¶ 11} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Booker,543 U.S. at 268, 125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v.Kentucky, 479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. (`A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final')." Foster, at ¶ 106.
 {¶ 12} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief.
 {¶ 13} Assignments of Error I, II and III are denied.
 {¶ 14} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
Farmer, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.