OPINION
{¶ 1} Appellant Donald Searles ("appellant") appeals the decision of the Morgan County Court of Common Pleas that denied his motion for reconsideration of sentence and motion for post-conviction relief. The following facts give rise to this appeal.
 {¶ 2} On November 2, 2001, the Morgan County Grand Jury indicted appellant on four counts of rape; four counts of sexual battery; one count of unlawful sexual conduct; one count of gross sexual imposition; and one count of having weapons under disability. Appellant pled guilty to the charge of having weapons under disability on December 11, 2001. The remaining charges were scheduled for a jury trial that commenced on December 18, 2001. Following deliberations, the jury found appellant guilty of these charges. On December 21, 2001, the trial court conducted a violent sexual predator hearing and found appellant to be a violent sexual predator. The trial court sentenced appellant on January 29, 2002.
 {¶ 3} Appellant appealed his conviction. On June 27, 2003, we reversed appellant's conviction and ordered a retrial because the trial court improperly admitted evidence of a polygraph examination. See State v.Searles, Morgan App. No. 02 CA 4, 2003-Ohio-3498. Subsequent to the reversal and remand, appellant entered into a plea agreement, with the state, and pled guilty to two counts of unlawful sexual conduct with a minor. On May 5, 2004, the trial court sentenced appellant to a five-year prison term on each count, to be served consecutively.
 {¶ 4} On May 31, 2005, appellant filed a motion for reconsideration of sentence and motion for post-conviction relief. The trial court denied both motions by judgment entry on December 6, 2005. Appellant filed a notice of appeal on December 30, 2005, and sets forth the following assignments of error for our consideration.
 {¶ 5} "I. IN SENTENCING THE APPELLANT, THE TRIAL COURT RELIED ON FACTS NOT WITHIN THE JURY VERDICT OR ADMITTED BY THE DEFENDANT, CONTRARY TO THE UNITED STATES SUPREME COURT RULINGS IN U.S. V. BOOKER AND BLAKELY V. WASHINGTON.
 {¶ 6} "II. IN THE IMPOSITION OF CONSECUTIVE SENTENCES THE TRIAL COURT RELIED ON FACTS NOT WITHIN THE JURY VERDICT OR ADMITTED BY THE DEFENDANT, CONTRARY TO THE UNITED STATES SUPREME COURT'S RULING IN U.S. V. BOOKER AND LAKELY (SIC) V. WASHINGTON.
 {¶ 7} "III. THE APPELLANT WAS DENIED HIS DUE PROCESS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL FOR THEIR FAILURE TO PROPERLY OBJECT TO AND PRESERVE FEDERAL CONSTITUTIONAL QUESTIONS OF LAW INVOLVING THE IMPOSITION OF SENTENCE, VIOLATIVE TO THE SIXTH, ANDFOURTEENTH AMENDMENT (SIC) TO THE UNITED STATES CONSTITUTION."
 I, II {¶ 8} We will address appellant's First and Second Assignments of Error simultaneously as both concern sentencing issues. In his First Assignment of Error, appellant maintains the trial court erred when it sentenced him to the maximum sentence and did so by improperly conducting fact finding. In his Second Assignment of Error, appellant contends the trial court erred when it imposed consecutive sentences. We disagree with both assignments of error.
 {¶ 9} The arguments presented by appellant in these assignments of error rely upon the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. As noted above, we reversed appellant's conviction on direct appeal because the trial court improperly admitted evidence regarding a polygraph examination. This matter is presently before us upon the trial court's denial of appellant's motion for reconsideration of sentence and motion for post-conviction relief.
 {¶ 10} The case sub judice is not subject to the resentencing remand of Foster. We recently addressed a factually similar issue in State v.Mayle, Morgan App. No. CA06-006, 2006-Ohio-6239, and held:
 {¶ 11} "'As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Booker, 543 U.S. at 268,125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v. Kentucky,479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ('A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * * pending on direct review or not yet final').' " Mayle at ¶ 11, citingFoster at ¶ 106.
 {¶ 12} Because this matter is not before us upon direct appeal, we conclude appellant is not entitled to be resentenced pursuant to theFoster decision.
 {¶ 13} Appellant's First and Second Assignments of Error are overruled.
 III {¶ 14} Appellant maintains, in his Third Assignment of Error, he was denied effective assistance of trial and appellate counsel because counsel did not object to and preserve federal constitutional questions of law involving the imposition of sentence. We disagree.
 {¶ 15} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984),466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 16} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 17} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558, citingLockhart v. Fretwell (1993), 506 U.S. 364, 370.
 {¶ 18} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 19} We do not find appellant was prejudiced by appellate counsel's representation on direct appeal. Rather, appellate counsel successfully argued that polygraph information was improperly introduced at trial. As a result, we reversed appellant's conviction and remanded the matter for a new trial. However, appellant did not go to trial but instead knowingly and voluntarily entered into a plea agreement with the state that resulted in the sentence he is currently serving. Accordingly, we conclude appellant was not prejudiced by either trial or appellate counsel's representation.
 {¶ 20} Appellant's Third Assignment of Error is overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Morgan County, Ohio, is hereby affirmed.
By: Wise, P. J. Gwin, J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is hereby dismissed. Costs assessed to Appellant.