OPINION *Page 2 
{¶ 1} On November 2, 2001, the Morgan County Grand Jury indicted appellant, Donald Searles, on four counts of rape in violation of R.C. 2907.02, four counts of sexual battery in violation of R.C. 2907.03, one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04, one count of gross sexual imposition in violation of R.C. 2907.05, and one count of having weapons while under disability in violation of R.C. 2923.13. All the counts save the weapons count included sexually violent predator specifications.
 {¶ 2} On December 11, 2001, appellant pled guilty to the weapons count. The remaining counts were scheduled for a jury trial which commenced on December 18, 2001. The jury found appellant guilty as charged. Following sentencing, appellant filed an appeal with this court. This court reversed appellant's conviction and ordered a retrial based upon improperly admitted evidence. See, State v. Searles, Morgan App. No. 02 CA 4, 2003-Ohio-3498.
 {¶ 3} Subsequent to the reversal and remand, appellant pled guilty on May 4, 2004 pursuant to a plea agreement to the one count of unlawful sexual conduct with a minor and to an amended count of unlawful sexual conduct with a minor. By sentencing entry filed May 7, 2004, the trial court sentenced appellant per the plea agreement to five years on each count, to be served consecutively, and classified appellant as a sexual predator.
 {¶ 4} On May 31, 2005, appellant filed a pro se motion for reconsideration of sentence pursuant to Crim. R. 32.1 and/or motion for postconviction relief pursuant to new constitutional ruling, citingBlakely v. Washington (2004), 542 U.S. 296. By journal *Page 3 
entry filed December 6, 2005, the trial court denied the motion. On December 30, 2005, appellant filed a notice of appeal with this court. This court affirmed the trial court's decision. See, State v.Searles, Morgan App. No. 05 CA 26, 2006-Ohio-6726.
 {¶ 5} On September 19, 2008, appellant filed a pro se motion for reconsideration in the pleas agreement and/or the sentencing and sexual classification, seeking to be "resentenced as a first time offender." The basis of appellant's motion was a motion to withdraw his guilty pleas pursuant to Crim. R. 32.1. By journal entry filed October 2, 2008, the trial court denied the motion.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 7} "THE TRIAL COURT WAS INCORRECT IN NOT GRANTING THE APELLANT'S (SIC) MOTION TO WITHDRAW GUILTY PLEA, DIRECTLY CHALLENGING HIS SENTENCE AS BEING VIOLATIVE TO STATE STATUTE AND THE APPELLANT'S RIGHT TO DUE PROCESS."
 I {¶ 8} Appellant claims the trial court erred in denying his request to withdraw his guilty plea. We disagree.
 {¶ 9} Crim. R. 32.1 governs withdrawal of guilty plea and states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse *Page 4 
of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 10} In his appellate brief, appellant concedes he pled guilty via a negotiated plea, and said plea did not violate any state statute. However, appellant takes issue with the fact that the trial court "attached a sexual violent predator specification, and enhanced the appellant's sentence to a ten year total prison sentence."
 {¶ 11} Appellant pled guilty to two counts of unlawful sexual conduct with a minor, both felonies of the third degree. Pursuant to R.C. 2929.14(A)(3), felonies of the third degree are punishable by "one, two, three, four, or five years." The trial court sentenced appellant to five years on each count, to be served consecutively, in accordance with the applicable statutes, and did not "enhance" appellant's sentence with a "sexual violent predator specification." The trial court did classify appellant as a sexual predator, but appellant acquiesced to said classification per his plea agreement as outlined in the trial court's May 6, 2004 change of plea journal entry:
 {¶ 12} "The Prosecuting Attorney stated the plea agreement as follows:
 {¶ 13} "(1) Plea to two (2) counts in violation of O.R.C. § 2907.04
(A) (B) (3) (Unlawful Sexual Conduct With a Minor) both a felony of the third degree as amended, with stipulation of consecutive sentencing and sexual predator status;
 {¶ 14} "(2) Recommend 5 years prison on each count." *Page 5 
 {¶ 15} Upon review, we concur with the trial court's denial of appellant's Crim. R. 32.1 motion to withdraw his guilty plea because there was no showing of any manifest injustice to substantiate the motion.
 {¶ 16} The sole assignment of error is denied.
 {¶ 17} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
Farmer, P.J. Gwin, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed. Costs to appellant. *Page 1