[Cite as *State v. Searles*, 2012-Ohio-5091.]

COURT OF APPEALS
MORGAN COUNTY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
|     Plaintiff-Appellee | Hon. W. Scott Gwin, J. |
| | Hon. Sheila G. Farmer, J. |
| -vs- | |
| DONALD SEARLES | Case No. 12-AP-5 |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. CR01043


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      October 30, 2012


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

MARK J. HOWDYSHELL      DONALD SEARLES, PRO SE
19 East Main Street       #419-561
McConnelsville, OH  43756      Ross Correctional Institution
                                  P.O. Box 7010
                                  Chillicothe, OH  45601

*Farmer, J.*

{¶1} On November 2, 2001, the Morgan County Grand Jury indicted appellant, Donald Searles, on four counts of rape in violation of R.C. 2907.02, four counts of sexual battery in violation of R.C. 2907.03, one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04, one count of gross sexual imposition in violation of R.C. 2907.05, and one count of having weapons while under disability in violation of R.C. 2923.13. All the counts save the weapons count included sexually violent predator specifications.

{¶2} On December 11, 2001, appellant pled guilty to the weapons count. The remaining counts were scheduled for a jury trial which commenced on December 18, 2001. The jury found appellant guilty as charged. Following sentencing, appellant filed an appeal with this court. This court reversed appellant's conviction and ordered a retrial based upon improperly admitted evidence. See, *State v. Searles,* 5th Dist. No. 02 CA 4, 2003-Ohio-3498.

{¶3} Subsequent to the reversal and remand, appellant pled guilty on May 4, 2004 pursuant to a plea agreement to the one count of unlawful sexual conduct with a minor and to an amended count of unlawful sexual conduct with a minor. A sentencing hearing and a sex offender classification hearing were held on May 5, 2004 wherein appellant stipulated to the classification of sexual predator. By sentencing entry filed May 7, 2004, the trial court sentenced appellant per the plea agreement to five years on each count, to be served consecutively, and classified appellant as a sexual predator.

{¶4} On May 31, 2005, appellant filed a pro se motion for reconsideration of sentence pursuant to Crim.R. 32.1 and/or motion for postconviction relief pursuant to

new constitutional ruling, citing *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531 (2004). By journal entry filed December 6, 2005, the trial court denied the motion. On December 30, 2005, appellant filed a notice of appeal with this court. This court affirmed the trial court's decision. See, *State v. Searles,* 5th Dist. No. 05 CA 26, 2006-Ohio-6726.

{¶5} On September 19, 2008, appellant filed a pro se motion for reconsideration in the pleas agreement and/or the sentencing and sexual classification, seeking to be "resentenced as a first time offender." The basis of appellant's motion was a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. By journal entry filed October 2, 2008, the trial court denied the motion. On October 21, 2008, appellant filed a notice of appeal with this court. This court affirmed the trial court's decision. See, *State v. Searles,* 5th Dist. No. 08CA0006, 2009-Ohio-2688.

{¶6} On June 22, 2011, appellant filed a petition to contest classification/adjudication pursuant to Ohio Revised Code 2950 et seq., arguing following remand, he was not afforded the statutorily required sex offender classification hearing. By journal entry filed August 19, 2011, the trial court dismissed the petition, finding the matter had already been heard by the court.

{¶7} On January 18, 2012, appellant filed a motion to reconsider the August 19, 2011 dismissal. By journal entry filed May 29, 2012, the trial court denied the motion.

{¶8} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶9} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S REQUEST FOR A SEX OFFENDER CLASSIFICATION HEARING VIOLATING HIS 5TH AND 14TH AMENDMENT RIGHTS TO A FAIR TRIAL AND THE DUE PROCESS OF LAW AS WELL AS PROCEDURAL DUE PROCESS."

I

{¶10} Appellant claims the trial court erred in denying his request for a sex offender classification hearing. We disagree.

{¶11} In its sentencing entry filed May 7, 2004 following reversal and remand, the trial court stated it conducted a sentencing hearing on May 5, 2004 and following sentencing, proceeded to a sex offender classification hearing. The trial court noted "[b]oth counsel stipulated that he will be classified as a sexual predator, the Court accepted this stipulation and so classified him."

{¶12} Thereafter, appellant filed appeals to this court, challenging his sentence and the sexual predator classification. *State v. Searles,* 5th Dist. No. 05 CA 26, 2006-Ohio-6726; *State v. Searles,* 5th Dist. No. 08CA0006, 2009-Ohio-2688. In the 2009 decision, this court specifically found the following at ¶ 11-14:

> The trial court did classify appellant as a sexual predator, but appellant acquiesced to said classification per his plea agreement as outlined in the trial court's May 6, 2004 change of plea journal entry:
>
> "The Prosecuting Attorney stated the plea agreement as follows:
>
> "(1) Plea to two (2) counts in violation of O.R.C. § 2907.04(A)(B)(3) (Unlawful Sexual Conduct With a Minor) both a felony of the third degree

as amended, with stipulation of consecutive sentencing and sexual predator status;

"(2) Recommend 5 years prison on each count."

{¶13} We find appellant's current challenge to the sexual predator classification to be res judicata.  Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.

{¶14} Appellant's arguments regarding his filings in Warren County fail as the Warren County court dismissed appellant's case which was affirmed on appeal. *Searles v. State,* 12th Dist. No. CA2009-05-055, 2009-Ohio-4666.

{¶15} The sole assignment of error is denied.

{¶16} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Gwin, J. concur.


s/ Sheila G. Farmer_____


s/ Patricia A. Delaney_____


s/ W. Scott Gwin_____

SGF/sg 924                                                                    JUDGES

[Cite as *State v. Searles*, 2012-Ohio-5091.]

IN THE COURT OF APPEALS FOR MORGAN COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| -vs- | : | JUDGMENT ENTRY |
| DONALD SEARLES | : | |
| Defendant-Appellant | : | CASE NO. 12-AP-5 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

s/ W. Scott Gwin_____

JUDGES