The STATE of Ohio, Appellee,

v.

WOODS, Appellant.

[Cite as *State v. Woods* (2001), 141 Ohio App.3d 549.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 00CA007676.

Decided March 14, 2001.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum,* Assistant Prosecuting Attorney, for appellee.

*Jack W. Bradley,* for appellant.

SLABY, Presiding Judge.

Defendant David Allen Woods has appealed from the denial of his motion for judicial release. Because defendant has attempted to appeal from an order that is not final within the meaning of R.C. 2505.02, this appeal is dismissed.

Defendant was indicted on one count of kidnapping, in violation of R.C. 2905.01(A)(4); and one count of rape, in violation of 2907.02(A)(1). On July 20, 1987, defendant pled guilty to one count of attempted kidnapping and was sentenced accordingly. Defendant subsequently moved for judicial release. On August 9, 2000, the trial court denied defendant's motion for shock probation, noting that Senate Bill No. 107 amended the provisions of R.C. 2929.20, which applies only to offenses committed after July 1, 1996. Defendant timely appealed and has raised one assignment of error for review:

"ASSIGNMENT OF ERROR

"The trial court incorrectly ruled that amended Ohio Revised Code Section 2929.20 only applies to offenders incarcerated for crimes committed after July 1, 1996."

This court is required to raise jurisdictional issues involving final appealable orders *sua sponte*. *In re Murray* (1990), 52 Ohio St.3d 155, 159, 556 N.E.2d 1169, 1174, fn. 2; *Whitaker–Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 400, 280 N.E.2d 922, 924. The Supreme Court of Ohio held in *State v. Coffman* (2001), 91 Ohio St.3d 125, 742 N.E.2d 644, that the denial of a motion for shock probation is never a final, appealable order. With the adoption of Senate Bill No. 2 and Senate Bill No. 269, judicial release replaced shock probation effective July 1, 1996. Accordingly, the denial of a motion for judicial release is not a final appealable order, and, as a result, we must dismiss the instant appeal.

*Appeal dismissed.*

CARR and WHITMORE, JJ., concur.