OPINION JUDGMENT ENTRY
{¶ 1} On March 28, 2001 appellant was indicted in Case Number CR-2001-067A for Breaking and Entering, Theft and Possession of Criminal Tools. On that same day, appellant was indicted in Case Number CR-2001-0068 for Burglary and Theft. Appellant pled guilty to the Breaking and Entering, Theft and Burglary. Appellant was sentenced in Case Numbers CR2001-067A to twelve months for the Breaking and Entering, and eighteen months for the Theft, the sentences to run concurrent with each other and concurrent to the sentence imposed in Case Number CR-2001-0068. Appellant was sentenced to a four-year prison term for Burglary in Case Number CR-2001-0068. Appellant was granted sixty-seven days of jail-time credit in both cases. On October 26, 2001, appellant was conveyed to the Ohio Department of Rehabilitation and Correction to begin serving his sentence.
 {¶ 2} On November 21, 2001, while serving his prison sentences for Case Number CR-2001-0068 and Case Number CR-2001-067A appellant was indicted for one count Burglary and one count of Theft in Case Number CR-2002-0260. Appellant was transferred back to the Muskingum County Jail where he was held from November 28, 2001 until October 21, 2002.
 {¶ 3} On September 17, 2002, appellant pled guilty in the case at bar to the two counts contained in the indictment. On October 21, 2002, appellant appeared before the trial court for sentencing. Appellant was sentenced to a prison term of six years for the Burglary and a prison term of four years for the Theft. Those sentences were to run concurrently and concurrent with the sentences the appellant was serving in Case Numbers CR2001-067A and CR2001-0068.
 {¶ 4} The judgment entry recording the sentence was filed on October 24, 2002. In that entry the trial court stated the following: "[t]he court finds that the defendant is currently under sentence, and has been serving a prison sentence throughout the pendency of this case, thus, no credit is granted towards the sentence imposed herein." (Judgment Entry, October 24, 2002).
 {¶ 5} On July 24, 2003, appellant filed a motion for jail-time credit in the trial court. In a journal entry dated August 19, 2003, the trial court denied appellant's motion for jail-time credit. Appellant timely filed a notice of appeal and set forth the following sole assignment of error:
 {¶ 6} "I. The trial court erred in denying defendant/appellant jail-time credit."
 I. {¶ 7} In his first assignment of error appellant maintains that he is entitled to jail time credit for time he spent in the Muskingum County Jail prior to sentencing in the case at bar. Specifically, the period of time from November 28, 2001 through October 21, 2002. We disagree.
 {¶ 8} The record reveals that appellant did not raise this issue in a timely manner. If there was an error in the court's sentencing entry, then the judgment should have been appealed at that time. "The issue of crediting a sentence with jail time served is one which should be raised on direct appeal." State v.Robinson (Oct. 23, 2000), Scioto App. No. 00CA2698, unreported, citing State v. Thorpe (June 30, 2000), Franklin App. Nos. 99AP-1180 and 99AP-1187, unreported, and State v. Flynn (Nov. 7, 1997), Ashtabula App. No. 96-A-0079, unreported. See, also,State ex rel. Jones v. O'Connor (1999), 84 Ohio St.3d 426
(stating that an appeal is an adequate remedy by which to review sentencing errors in failing to calculate correct jail time credit). Appellant did not file a direct appeal and it is highly questionable whether he should be allowed, approximately nine months later, to challenge that judgment. State v. Redman,
4th Dist. No. 00CA2556, 2001-Ohio-2556.
 {¶ 9} Some appellate courts have held that errors in calculating jail time credit may be raised by means of a "motion for correction" so long as the appellant is claiming the court erred in the calculation of the credit and not an erroneous legal determination. Robinson, supra, citing State ex rel. Corder v.Wilson (1991), 68 Ohio App.3d 567. However, appellant's argument is that the court was required by law to credit him with all jail time served related to this case; appellant did not argue that the court erroneously computed his jail time credit. This is a legal argument that should have been raised on direct appeal and it would be improper to allow appellant to raise it now. Statev. Redman, supra.
 {¶ 10} The Muskingum County Court of Common Pleas did not err in overruling appellant's motion for jail time credit.
 {¶ 11} For the above reasons, we affirm the decision of the Muskingum County Court of Common Pleas which denied appellant jail time credit.
Gwin, P.J., Wise, J., and Edwards, J., concur.
 {¶ 12} For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Muskingum County Court of Common Pleas denying appellant jail time credit is affirmed. Costs to appellant.