OPINION *Page 2 
{¶ 1} In Case No. 07-CA-0006, Defendant-appellant James D. Mayle appeals the July 11, 2007 Journal Entry entered by the Morgan County Court of Common Pleas, which denied his motion for judicial release without an oral hearing. In Case No. 07-CA-0007, Appellant appeals a second Journal Entry also filed July 11, 2007, and entered by the same court, which denied his motion for jail time credit without an oral hearing. Plaintiff-appellee in both cases is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On May 8, 1997, the Morgan County Grand Jury indicted Appellant on one count of complicity to convey drugs into a detention facility, in violation of R.C. 2921.36, Case No. CR-97-32. On August 14, 1997, the Morgan County Grand Jury indicted Appellant on one count of kidnapping, in violation of R.C. 2905.01; and one count of domestic violence with a prior conviction for domestic violence, in violation of R.C. 2919.25, Case No. CR-97-52.
 {¶ 3} The matter proceeded to jury trial on all counts on December 30, 1997. After hearing all the evidence and deliberations, the jury found Appellant guilty as charged. Via Judgment Entries filed January 20, 1998, the trial court sentenced Appellant to eleven months in prison in Case No. CR-97-32, and an aggregate term of imprisonment of ten years in Case No. CR-97-52. The trial court ordered the sentence in Case No. CR-97-32 to be served consecutive to the sentence in Case No. CR-97-52. *Page 3 
Appellant filed an appeal to this Court. This Court affirmed his conviction and sentence. See, State v. Mayle (September 23, 1999), Morgan App. No. CA-98-01.
 {¶ 4} On March 28, 2006, Appellant filed a Petition to Vacate or Set Aside the Judgment of Sentence and for Resentencing, claiming his sentence was unconstitutional pursuant to Blakely v. Washington (2004)542 U.S. 296, and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The trial court denied the petition via Judgment Entry filed May 8, 2006. Appellant appealed the decision to this Court. This Court affirmed the trial court's decision. See, State v. Mayle, Morgan App. No. CA-06-006,2006-Ohio-6239.
 {¶ 5} On March 2, 2007, Appellant filed a Motion for Judicial Release. The trial court scheduled a hearing on the motion. However, prior to the scheduled hearing date, the trial court judge found it necessary to recuse himself due to a conflict of interest as Appellant had named him (the judge) as a defendant in a civil law suit. On May 7, 2007, the State filed a Response. The new judge assigned to the case denied the motion without a hearing. On March 14, 2007, Appellant filed a Motion Requesting 146 Days of Jail Time Credit. After the State filed its response, the trial court overruled the motion without a hearing via Journal Entry dated July 11, 2007.
 {¶ 6} Appellant filed timely appeals from both July 11, 2007 Journal Entries. In App. Case No. 07-CA-0006, Appellant assigns as error:
 {¶ 7} "I. THE TRIAL COURT ERRORED [SIC] BY NOT HOLDING A HEARING AS REQUIRED UNDER R.C. SECTION 2929.20(C) THUS VIOLATING *Page 4 
APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHT'S [SIC] TO THE UNITED STATES CONSTITUTION."
 {¶ 8} In App. Case No. 07-CA-0007, Appellant raises the following as error:
 {¶ 9} "I. THE TRIAL COURT ERRED BY DEPRIVING APPELLANT OF DAYS OF JAIL TIME CREDIT SERVED PRIOR TO SENTENCING AND AWAITING TRANSPORTATION TO PRISON. THUS VIOLATING APPELLANT'S FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION."
 App. No. 07-CA-0006 I {¶ 10} In his first assignment of error, Appellant maintains the trial court erred in failing to conduct a hearing on his motion for judicial release as required by R.C. 2929.20(C). Appellant submits, as a result of this error, his sixth and fourteenth amendment rights under the United States Constitution were violated.
 {¶ 11} R.C. 2929.20, which governs judicial release, specifically provides a trial court may deny the motion without a hearing, and reads:
 {¶ 12} "(C) Upon receipt of a timely motion for judicial release filed by an eligible offender under division (B) of this section or upon the sentencing court's own motion made within the appropriate time period specified in that division, the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing. If a court denies a motion without ahearing, the court may consider a subsequent judicial release for that eligible offender on its own motion or a subsequent motion filed by that eligible offender. If a court denies a motion after a hearing, the court shall not consider a subsequent motion for that *Page 5 
eligible offender. The court shall hold only one hearing for anyeligible offender." (Emphasis added).
 {¶ 13} This Court is required to raise jurisdictional issues involving final appealable orders sua sponte. In re Murray (1990),52 Ohio St.3d 155, 159, fn. 2, 556 N.E.2d 1169; Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186, 280 N.E.2d 922. The Ohio Supreme Court inState v. Coffman (2001), 91 Ohio St.3d 125, 742 N.E.2d 644, held the denial of a motion for shock probation is never a final appealable order. With the adoption of Senate Bill 2 and Senate Bill 269, judicial release replaced shock probation, effective July 1, 1996. Accordingly, the denial of a motion for judicial release where no hearing was held is not a final appealable order. State v. Woods (2001),141 Ohio App.3d 549, 752 N.E.2d 309. We note Appellant is not precluded from filing a subsequent motion.
 {¶ 14} App. Case No. 07-CA-0006 is dismissed.
 App. Case No. 07-CA-0007 I {¶ 15} Herein, Appellant maintains the trial court erred in failing to credit him for jail time served prior to sentencing as well as time served awaiting transportation to prison. Appellant contends the trial court's failure violated his Fourteenth Amendment Right under the United States Constitution.
 {¶ 16} Pursuant to Crim. R. 32.2(D), the sentencing court is charged with calculating the number of days of jail time credit to which a defendant is entitled and with forwarding this information to the correctional institution. State ex rel. Corder v. Wilson (1991),68 Ohio App.3d 567, 572, 589 N.E.2d 113. Once the correctional *Page 6 
institution receives the calculations, pursuant to R.C. 2967.191, the department has the duty, as formerly was the duty of the OAPA, to credit a prisoner with his pre-sentence and pre-transport confinement.
 {¶ 17} R.C. 2967.191 provides:
 {¶ 18} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."
 {¶ 19} Appellant was capable of raising any error regarding this issue on direct appeal. See, State v. Denman, Muskingum App. No. CT2003-0045,2004-Ohio-4551. Although Appellant filed a direct appeal from his conviction and sentence, he did not raise the issue of jailtime credit. Having failed to do so, Appellant is barred by the doctrine of res judicata from raising the issue at this time. *Page 7 
 {¶ 20} Appellant's assignment of error is overruled. The judgment of the trial court in App. Case No. 07-CA-0007 is affirmed.
 Hoffman, P.J., Gwin, J. and Edwards, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, this appeal is dismissed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying Appellant's convictions is not necessary to our disposition of these appeals; therefore, such shall not be included herein. *Page 1