MEMORANDUM OPINION
{¶ 1} On March 2, 2009, appellant, Timothy W. Meloy, pro se, filed his notice of appeal from a January 22, 2009 judgment issued by the Lake County Court of Common Pleas denying his motion for judicial release under R.C. 2929.20. Thus, the appeal was filed thirty-nine days after judgment was entered.
 {¶ 2} Pursuant to Article IV, Section 3(B)(2), of the Ohio Constitution, appellate courts have jurisdiction to review, affirm, modify, or reverse judgments or final orders from *Page 2 
courts of record inferior to the court of appeals and from final orders or actions of administrative officers or agencies.
 {¶ 3} In State v. Coffman, 91 Ohio St.3d 125, 126, 2001-Ohio-273, the Supreme Court of Ohio expressly held that "a trial court's denial of a motion for shock probation is never a final appealable order." In addition, appellate courts in Ohio that have addressed this issue afterCoffman have held that the same logic is applicable to a denial of a motion for judicial release since it mirrors shock probation. State v.Woods (2001), 141 Ohio App.3d 549, 550; State v. Williams, 10th Dist. No. 07AP-1035, 2008-Ohio-1906, at ¶ 9; State v. Mayle, 5th Dist. Nos. 07-CA-0006 and 07-CA-0007, 2008-Ohio-3761, at ¶ 13; State v.Greene, 2d Dist. No. 02-CA-17, 2002-Ohio-2595, at ¶ 6.
 {¶ 4} App. R. 4(A) states in relevant part:
 {¶ 5} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed * * *."
 {¶ 6} Clearly, the appealed judgment denying appellant's motion for judicial
release is not a final appealable order. In addition, even if the judgment was a final appealable order, it is untimely since appellant filed his notice of appeal beyond the thirty-day requirement in App. R. 4(A).
 {¶ 7} Therefore, this appeal is hereby dismissed for lack of jurisdiction.
 {¶ 8} Appeal dismissed.
MARY JANE TRAPP, P.J., TIMOTHY P. CANNON, J., concur. *Page 1