[Cite as *State v. Allen*, 2012-Ohio-5141.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

     Plaintiff-Appellee

-vs-

JOHN DALE ALLEN

     Defendant-Appellant


JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. William B. Hoffman, J.
Hon. Sheila G. Farmer, J.

Case No. CT2012-0034


O P I N I O N

**NUNC PRO TUNC**


CHARACTER OF PROCEEDING:       Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2011-0109


JUDGMENT:                    Dismissed


DATE OF JUDGMENT ENTRY:        October 31, 2012


APPEARANCES:


For Appellee                      For Appellant


ROBERT L. SMITH              JOHN DALE ALLEN, PRO SE

Assistant Prosecuting Attorney
27 North Fifth Street
Zanesville, OH 43701
*Hoffman, J.*

#A614204
C/o HCF – P.O. Box 59
Nelsonville, OH 45764

{¶1} Defendant-appellant John D. Allen appeals the May 18, 2012 Entry entered by the Muskingum County Court of Common Pleas, which denied his motion for judicial release. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On May 4, 2011, the Muskingum County Grand Jury indicted Appellant on two counts of having weapons while under disability, in violation of R.C. 2923.12(A)(2) and (3), felonies of the third degree; and one count of obstruction of official business, in violation of R.C. 2921.31(A), a felony of the fifth degree. Appellant appeared before the trial court for arraignment on May 11, 2011, and entered a plea of not guilty to the Indictment.

{¶3} Prior to the start of trial on October 6, 2011, the State dismissed Count I of the Indictment, having weapons while under disability, in violation of R.C. 2923.12(A)(2). The matter proceeded to jury trial on the remaining counts. After hearing all the evidence and deliberating, the jury found Appellant guilty of both charges. The trial court deferred sentencing until a pre-sentence investigation was completed. On October 17, 2011, the trial court sentenced Appellant to an aggregate prison term of four years.

{¶4} Appellant filed a Notice of Appeal from his conviction and sentence. This Court dismissed that appeal on November 21, 2011, at Appellant's request. Appellant

---

[1] A Statement of the Facts underlying Appellant's conviction and sentence is not necessary to our disposition of this Appeal; therefore, such shall not be included herein.

filed a Motion for Judicial Release on November 29, 2011. The trial court denied the motion, finding Appellant had not served the requisite 180 days. Appellant filed a second Motion for Judicial Release on March 13, 2012. The trial court denied the motion, finding Appellant still was not eligible. Appellant filed a third Motion for Judicial Release on April 16, 2012. After considering the record in the instant matter, Appellant's history and background, the principles and purposes of sentencing pursuant to R.C. 2929.11 as well as the seriousness and recidivism factors set forth in R.C. 2929.12, the trial court denied Appellant's third motion. On May 10, 2012, Appellant filed a Motion for "Judicial" Release to Help Pay on the United States Bankruptcy. Via Entry filed May 18, 2012, the trial court denied Appellant's motion.

{¶5} It is from this Entry Appellant appeals, raising as error:

{¶6} "I. BY NOT GRANTING MR. ALLEN'S RELEASE, THE LOWER COURT HAS FAILED TO SUPPORT AND UPHOLD THE UNITED STATES BANKRUPTCY.

{¶7} "II. HOUSE BILL 86 (H.B. 86) CREATES THE EXPECTATION OF JUDICIAL RELEASE FOR QUALIFIED INCARCERATED OFFENDERS.

{¶8} "MR. ALLEN IS UNNECESSARILY BEING DEPRIVED OF HIS RIGHT TO LIBERTY AND THE PURSUIT OF HAPPINESS."

{¶9} This Court is required to raise jurisdictional issues involving final appealable orders sua sponte. *In re Murray* (1990), 52 Ohio St.3d 155, 159, fn. 2, 556 N.E.2d 1169; *Whitaker-Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922. The Ohio Supreme Court in *State v. Coffman* (2001), 91 Ohio St.3d 125, 742 N.E.2d 644, held the denial of a motion for shock probation is never a final appealable order. With the adoption of Senate Bill 2 and Senate Bill 269, judicial release

replaced shock probation, effective July 1, 1996. Accordingly, the denial of a motion for judicial release where no hearing was held is not a final appealable order. *State v. Woods* (2001), 141 Ohio App.3d 549, 752 N.E.2d 309.

{¶10} Because the Entry from which Appellant takes this Appeal is not a final appealable order, we lack jurisdiction to address this issue.

{¶11} Appellant's appeal is dismissed.

By: Hoffman, J.

Delaney, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER
IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOHN DALE ALLEN | : | |
| | : | |
| Defendant-Appellant | : | Case No. CT2012-0034 |

For the reason stated in our accompanying Opinion, this appeal is dismissed. Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer
HON. SHEILA G. FARMER