[Cite as *State v. Rowbotham*, 2013-Ohio-2286.]

STATE OF OHIO       )            IN THE COURT OF APPEALS OF OHIO
                     )
MAHONING COUNTY   )    SS:          SEVENTH DISTRICT


STATE OF OHIO,          )       CASE NO.   12 MA 152
                     )
    PLAINTIFF-APPELLEE,   )
                     )
VS.                  )       JUDGMENT ENTRY
                     )
DAVID ROWBOTHAM,    )
                     )
    DEFENDANT-APPELLANT.  )

For the reasons stated in the Opinion rendered herein, the assignments of error are without merit and are overruled. It is the final judgment and order of this Court that the judgment of the Common Pleas Court, Mahoning County, Ohio is affirmed. Costs taxed against appellant.


_____


_____


_____
                                        JUDGES.

[Cite as *State v. Rowbotham*, 2013-Ohio-2286.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    12 MA 152 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| DAVID ROWBOTHAM, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Common Pleas
Court, Case No. 09CR1143.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:      Attorney Donna Jewell McCollum
201 East Commerce Street, Suite 346
Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  May 30, 2013

VUKOVICH, J.

**{¶1}** Defendant-appellant David Rowbotham has been permitted to file a delayed appeal from two sentencing entries filed on May 13, 2011. Appellant's first argument is that the trial court erred in denying his motion for judicial release without a hearing. Yet, the cause before us constitutes an appeal of the May 13, 2011 sentencing orders, not subsequent orders. Regardless, this argument cannot be addressed as decisions on judicial release are not final appealable orders.

**{¶2}** Appellant also claims within his first assignment of error that the state failed to fulfill its promise to not object to judicial release because the state refrained from responding to his request for judicial release. However, refraining from responding is the equivalent of not objecting. In any event, as aforementioned, this is an appeal of the May 2011 sentencing orders. Since the alleged lack of action by the state occurred one year after those entries, this contention is not properly before this court through this proceeding.

**{¶3}** Appellant's second assignment of error relates to his plea hearing. He contends that the trial court failed to mention compulsory process, failed to sufficiently explain he was waiving his right to have the state prove each element beyond a reasonable doubt, and failed to outline the elements. This argument is without merit as the court did sufficiently explain the constitutional rights he was waiving and the court has no obligation to outline the elements of the offenses. Consequently, the trial court's May 13, 2011 sentencing entries are affirmed.

STATEMENT OF THE CASE

**{¶4}** In Mahoning County Common Pleas Court Case Number 09CR1143, appellant was charged with felonious assault and extortion, second and third degree felonies respectively. In exchange for his guilty plea, the state amended the charges to aggravated assault and attempted extortion, both fourth degree felonies. As for sentencing, the state agreed to recommend the maximum sentence of eighteen months on each count to run concurrently (and to run concurrently with 04CR1332, a case out of another court). The state also agreed "to not object to judicial release after 6 months."

{¶5} In Case Number 10CR275A, appellant was charged with bribery, a third degree felony. In exchange for his guilty plea, the state amended the charge to attempted bribery, a fourth degree felony. The state recommended the maximum sentence of eighteen months to run consecutively to 09CR1143 and concurrently with 04CR1332. Again, the state agreed to not object to judicial release after six months.

{¶6} In a May 13, 2011 judgment entry, the court imposed the agreed upon sentence: concurrent sentences of eighteen months for aggravated assault and attempted extortion and a consecutive sentence of eighteen months for attempted bribery, all to run concurrently to the sentence imposed by another court in 04CR1332.

{¶7} On April 2, 2012, appellant, through new counsel, filed a motion for judicial release under both case numbers. The motion contained some details but did not advise the court that the state had previously agreed not to enter an objection to judicial release. The court requested the state to file any response by May 20, 2012. The state never filed a response. On May 29, 2012, the trial court denied the motion for judicial release.

{¶8} On June 7, 2012, appellant filed a *pro se* motion for reconsideration of the motion for judicial release. He provided more details and claimed that he was entitled to judicial release after six months under his plea deal. He attached the plea and sentencing transcript for the court's consideration. On August 8, 2012, the court denied appellant's motion for reconsideration.

{¶9} On August 16, 2012, appellant filed a notice of appeal from "the Judgment of Conviction, entered in this action on May 12, 2011." He simultaneously filed a motion for leave to file a delayed appeal "from the final judgment of conviction and sentence * * * on May 12, 2011." He claimed that his trial attorney "dropped the ball" through neglect by failing to file an appeal after agreeing that he would do so.

{¶10} After permitting the delayed appeal and reviewing the file, however, we notice that on the record at the plea and sentencing hearing, defense counsel twice

noted that there would be no right to appeal due to the agreed upon sentence. (Tr. 4, 14). In any event, the arguments briefed on appeal are without merit.

ASSIGNMENT OF ERROR NUMBER ONE

**{¶11}** Appellant sets forth two assignments of error, the first of which contends:

**{¶12}** "The Trial Court violated Appellant's right of due process by failing to conduct a hearing on Appellant's Motion for Judicial release."

**{¶13}** Related to the text of this assignment of error, appellant briefly complains that the trial court did not order his institutional records or conduct a hearing on his motion for judicial release. This seems to be an attack on the trial court's April 12, 2012 denial of judicial release and/or the trial court's August 9, 2012 denial of reconsideration of judicial release

**{¶14}** However, as the state points out, the denial of a motion for judicial release is not a final appealable order. *See State v. Keylor*, 7th Dist. No. 02MA12, 2003-Ohio-3491, ¶ 21 (no substantial right affected by denying motion for judicial release as one is obligated to serve his term), citing *State v. Coffman*, 91 Ohio St.3d 125, 127, 743 N.E.2d 644 (2001) (denial of motion for shock probation is not final appealable no matter what argument is presented). *See also State v.* Allen, 5th Dist. No. CT2012-0034, 2012-Ohio-5141, ¶ 9 (denial of motion for judicial release without a hearing is not an appealable order); State *v. Williams*, 8th Dist. No. 95359, 2011-Ohio-120, ¶ 7-12; *State v. Headley*, 11th Dist. No. 2008-T-0126, 2009-Ohio-402, ¶ 4; *State v. Hedgecoth*, 1st Dist. No. C-060190, 2007-Ohio-4462, ¶ 4-6; *State v. Ingram*, 10th Dist. No. 03AP-149, 2003-Ohio-5380, ¶ 5-7; *State v. Green*, 2d Dist. No. 02CA17 (May 22, 2002); *State v. Woods*, 141 Ohio App.3d 549, 550, 752 N.E.2d 309 (9th Dist.2001).

**{¶15}** Thus, the court's April 12, 2012 denial of judicial release and the court's August 9, 2012 denial of reconsideration of judicial release are not subject to appeal and any arguments concerning the merits of those decisions cannot be addressed in this proceeding.

**{¶16}** Also included under this assignment of error, albeit unrelated to the text of the assignment itself, is the argument that by not filing a response to his motion for judicial release after the trial court put on a response date, the state failed to comply with their agreement to not object to judicial release. Appellant thus concludes that his guilty plea is void because it was induced by an unfulfilled promise.

**{¶17}** Initially, it is observed that the state agreed to not object to judicial release. When the state failed to file a response to appellant's motion for judicial release, the state did not breach its agreement to not object. The state did not agree to engage in an affirmative action upon appellant's future request for judicial release. Rather, the state agreed to refrain from objecting, and the state did thereafter refrain from objecting when it had the chance.

**{¶18}** In any event, appellant asked for a delayed appeal from the May 12, 2011 plea and sentencing, which is memorialized in the court's May 13, 2011 sentencing entries. The state's alleged failure to act as agreed did not take place until a year after those entries. As that alleged failure occurred after the relevant period involved in this particular appeal, the issue is not properly before us in this proceeding.

**{¶19}** The only issues properly before this court in a direct appeal of the plea and sentencing are those events that occurred prior to the final judgment of conviction, not those that occurred thereafter. We thus proceed to appellant's second assignment of error where he does make contentions about events occurring prior to the final judgment of conviction in his case.

ASSIGNMENT OF ERROR NUMBER TWO

**{¶20}** Appellant's second assignment of error alleges:

**{¶21}** "Failure of the Trial Court to follow evidentiary [sic] [criminal] rules during the plea and sentencing hearing was contrary to law and an abuse of discretion."

**{¶22}** A trial court accepting a felony plea must strictly comply with its obligation under Crim.R. 11(C)(2)(c) to advise the defendant of and ensure he understands that he is waiving his constitutional rights against self-incrimination, to a

jury trial, to confront one's accusers, to compel witnesses to testify by compulsory process, and to have the state prove the defendant's guilt beyond a reasonable doubt. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19–27. Still, this does not require a rote recitation of the exact language of the rule. *Id.* at 27. Rather, a reviewing court should focus on whether the "record shows that the judge explained these rights in a manner reasonably intelligible to that defendant." *Id.*

**{¶23}** Appellant contends that the trial court failed to strictly comply with its obligation to advise him of the state's burden and compulsory process. As to the first constitutional right, the trial court advised appellant at the plea hearing, "you're waiving your right to make the state of Ohio prove their case beyond a reasonable doubt." The court asked appellant if he understood this, and appellant responded that he did. (Tr. 7). Appellant complains that the court did not (1) specify that the state had to prove "each element" beyond a reasonable doubt or (2) enumerate the elements of the offenses.

**{¶24}** However, even if a rote recitation was required, the exact language of Crim.R. 11(C)(2)(c) provides, "to require the state to prove its case beyond a reasonable doubt." It does not say that the court must inform the defendant that the state would have to prove "each element" beyond a reasonable doubt.

**{¶25}** In any event, the Supreme Court has stated that when the trial court's attempt to explain a constitutional right to a pleading defendant is present on the record but questionable in effect, resort to other items in the record (including the written plea) is permissible to determine whether the explanation imparted sufficient understanding. *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 23-25. The written plea here states that appellant understood that by entering the plea, he was waiving the right "to require the state to prove me guilty *of each and every element* of the offense(s) and/or specification(s) for which I am charged beyond a reasonable doubt at trial * * *." (Emphasis added.) *See* Written Plea. Either way, appellant's first argument fails.

**{¶26}** As to the second part of his argument concerning the elements, a recitation of the elements of the offense is not one of the defendant's constitutional rights at the plea hearing. *See Veney*, 120 Ohio St.3d 176 at ¶ 19–27. Civ.R. 11(C)(2)(a) provides only that the court shall determine that the defendant has an understanding of the nature of the charges. It does not require a vocal explanation by the court but merely for the court to be satisfied that the defendant in fact understands the charges. Furthermore, this non-constitutional provision requires substantial (not strict) compliance by a trial court. *See State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the item at issue. *See id.*

**{¶27}** "[Th]e trial court does not need to inform the accused of the actual elements of the charged offenses; a defendant can obtain this information from whatever source, be it from the trial court, the prosecutor, or some other source." *State v. Williams*, 7th Dist. No. 11MA131, 2012-Ohio-6277, ¶ 24, citing *State v. Johnson*, 7th Dist. No. 07-MA-8, 2008–Ohio–1065, ¶ 14-15 (defendant signed a document wherein he stated, "[c]ounsel has advised me and I fully understand the nature of the charge(s) against me and the elements contained therein" and his counsel told the trial court that the accused was ready to plead guilty); *State v. Roman*, 7th Dist. No. 06MA32, 2007-Ohio-5243, ¶ 25, 31. *See also State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757, 760 (1979).

**{¶28}** "In order for a trial court to determine that a defendant in a criminal case understands the nature of the charge to which he was entering a guilty plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge." *State v. Susany*, 7th Dist. No. 07MA7, 2008-Ohio-1543, ¶ 58, quoting *State v. Rainey*, 3 Ohio App.3d 441, 446 N.E.2d 188, ¶ 1 of syllabus (10th Dist.1982).

**{¶29}** Apart from a small class of rights that require specific advice from the court, it is the responsibility of defense counsel to advise the defendant on the other rights he is waiving and the nature of the charges. *State v. Fitzpatrick*, 102 Ohio St.3d 321, 810 N.E.2d 927, 2004-Ohio-3167, ¶ 57-59. Thus, where the record contains a statement that the defendant has been advised of the nature of the charges, the trial court can determine that he in fact understood the nature of the charges. *See id.*

**{¶30}** Here, the state noted for the record that plea negotiations had been ongoing for quite some time. (Tr. 3). Defense counsel specifically and spontaneously declared that appellant waived any further reading of the indictments, that he fully understood them, and that he did not require the court to read them again. The court ensured that appellant read the indictments, went over them with counsel, and wished to waive any further reading. (Tr. 5).

**{¶31}** The court listed the prior charges and the amended charges, along with their degrees, and went over the maximum penalties on the amended charges. (Tr. 6, 9). Notably, the amended charges were still the same general types of offenses as the original charges with bribery and extortion being lowered to attempts and felonious assault being lowered to aggravated assault.

**{¶32}** Additionally, in both of the written plea agreements, appellant stated that he fully understood the nature of the charges and the elements contained therein. The court ensured that appellant read and signed the plea agreements and went over them with his attorney. (Tr. 10-11). Therefore, there is evidence in the record from which the trial court could conclude that appellant had an understanding of the nature of the charges as required by Civ.R. 11(C)(2)(a).

**{¶33}** Lastly, appellant contends that the trial court did not strictly comply with its obligation to inform him of his right to compulsory process. Pursuant to Crim.R. 11(C)(2)(c), the court accepting a felony plea shall inform the defendant and determine that the defendant understands that he is waiving the right "to have compulsory process for obtaining witnesses in the defendant's favor."

**{¶34}** With regards to this right, the trial court stated, "You're also waiving the right to have your lawyer issue subpoenas to bring people in to assist you[.]" (Tr. 8). Appellant stated that he understood this right.

**{¶35}** True, the trial court did not use the phrase "compulsory process." However, a rote recitation is not required where the record shows the explanation was reasonably intelligible. *See Veney*, 120 Ohio St.3d 176 at ¶ 18, 27 (although exact language is preferred, rote recitation of language of rule not required for strict compliance).

**{¶36}** In one case, the Sixth District overturned a plea where the trial court merely stated that the defendant was waiving the "right to call witnesses to speak on your behalf." *State v. Barker*, 6th Dist. No. L-09-1139, 2010-Ohio-3067, ¶ 13. The appellate court held that the use of the term "compulsory process" is not required, but the trial court's explanation must use words that are equivalent, such as "power to force," "subpoena," or "compel" a witness to appear and testify on a defendant's behalf. *Id.*

**{¶37}** The Supreme Court disagreed with the latter holding and concluded that the statement that the defendant had the "right to call witnesses to speak on your behalf" constituted strict compliance, finding that "to call" is reasonably intelligible as meaning "to subpoena" or "to have compulsory process." *Barker*, 129 Ohio St.3d 472 at ¶ 17-20. Here, the trial court specifically used the word subpoena and said that his lawyer can issue subpoenas to bring people in to assist in his case. The language used by the trial court regarding this constitutional right was "reasonably intelligible to the defendant." *See State v. Sturm*, 66 Ohio St.2d 483, 484, 422 N.E.2d 853 (1981).

**{¶38}** Furthermore, as aforementioned, the Supreme Court has stated that where the court attempts to explain the compulsory process right to the defendant, and the attempt is questionable, resort to other items in the record (including the written plea) is permissible to determine whether the explanation imparted sufficient understanding. *Barker*, 129 Ohio St.3d 472 at ¶ 23-25. The written pleas in this case stated that appellant understood that he was waiving his right "to have compulsory

subpoena process for obtaining witnesses in my favor[.]" Therefore, this argument is without merit, and this assignment of error is overruled.

**{¶39}** For all of these reasons, the May 13, 2011 judgment entries are affirmed.

Donofrio, J., concurs.
DeGenaro, P.J., concurs.