[Cite as *State v. Zalat*, 2016-Ohio-2784.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 15 CAA 09 0071 |
| GIHAN AHMED ISMAIL ZALAT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  08 CR I 06 0343


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      April 29, 2016


APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

CAROL HAMILTON O'BRIEN            BRIAN C. DiFRANCO
PROSECUTING ATTORNEY             RODRIGUEZ BELL & DiFRANCO
KYLE E. ROHRER                   LAW OFFICE
ASSISTANT PROSECUTOR             6797 North High Street, 236
140 North Sandusky Street        Worthington, Ohio  43085
Delaware, Ohio  43015

*Wise, J.*

**{¶1}**    Appellant Gihan Zalat appeals from the decision of the Court of Common Pleas, Delaware County, denying her motion to vacate portions of her 2009 felony sentence. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**{¶2}**    On June 20, 2008, appellant was indicted on multiple charges of engaging in a pattern of corrupt activity, money laundering, and other counts, all pertaining to appellant's involvement in a mortgage fraud scheme.

**{¶3}**    On March 3, 2009, appellant appeared before the trial court and entered *Alford* pleas to eight of the fifteen counts in the aforementioned indictment. The remaining counts were dismissed. On the same day, the trial court sentenced her, via concurrent terms, to a total of four years in prison. The court further provided notification to her of a five-year period of post-release control. However, the record gives no indication that the trial court conducted a restitution hearing as part of the sentencing proceedings of March 3, 2009.

**{¶4}**    A judgment entry of conviction and sentencing was issued by the trial court on March 4, 2009. An amended judgment entry of conviction and sentencing was issued by the trial court on March 12, 2009. Neither entry addresses the issue of restitution.[1]

**{¶5}**    Appellant filed a motion for judicial release on December 23, 2009. On December 9, 2010, subsequent to a hearing, the trial court granted said motion and gave appellant five years of community control. In its written judgment entry granting judicial

---

[1]  The trial court also issued a *nunc pro tunc* entry on December 16, 2009. However, said entry was for the purpose of clarifying post-release control notification, and it also did not mention restitution.

release, also dated December 9, 2010, the trial court ordered that appellant pay restitution "in an amount to be determined."[2]

{¶6} On the clerk's online docket, a separate entry on December 14, 2010 lists the restitution figure as $125,005.00.

{¶7} On September 12, 2011, the trial court held a hearing on appellant's ability to pay restitution. Although the present appellate record does not include a transcript of the hearing, the trial court's judgment entry issued in regard to that hearing states appellant agreed that the correct restitution to be paid was $125,005.00.

{¶8} On December 21, 2011, the trial court issued an amended judgment entry regarding restitution per the September 12, 2011 hearing, stating in pertinent part: "The [Appellant] admitted that the correct restitution amount is One Hundred Twenty-Five Thousand and Five Dollars ($125,005) to the three victims. The parties agreed that it was not the amount of restitution that was at issue but the [Appellant's] ability to make payments." *Id.* at 1.

{¶9} The trial court thereafter held five further status hearings regarding appellant's ability to pay her restitution. These took place between December 2011 and November 2012, and were all attended by appellant and her then-counsel. Although some of the entries from said hearings indicate discussion of issues regarding appellant's employment situation, there is no indication that she challenged either her obligation to pay or the amount of restitution during these proceedings.

---

[2] The appellate record includes a transcript of the judicial release hearing of December 6, 2010. The colloquy between the attorneys and the trial court at this hearing is also indicative that restitution was not part of the original sentencing process in the present case. *See, e.g.,* Tr. at 5-6.

{¶10} Furthermore, an agreed wage withholding order ($100.00 "per pay check") was filed on August 3, 2012. The court issued another agreed order for the assignment of appellant's wages ($65.09 bi-weekly) on April 2, 2013. Both appear to have the approval signature of appellant.

{¶11} On July 29, 2015, appellant filed a "motion to vacate sentence as it pertains to restitution." The State of Ohio filed a response on August 5, 2015.

{¶12} The trial court issued a judgment entry denying appellant's motion to vacate her sentence. The trial court therein held, *inter alia*: "By failing to challenge until now - in either this court or in the court of appeals - the years-old order requiring her to pay restitution, the Defendant has waived her right to attack that order. Neither law nor equity supports the Defendant's untimely claim that she owes no restitution to the victims of her crimes." Judgment Entry at 4.

{¶13} Appellant filed a notice of appeal on September 16, 2015. She herein raises the following sole Assignment of Error:

{¶14} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT/ APPELLANT'S MOTION TO [VACATE] SENTENCE AS IT PERTAINS TO RESTITUTION SHOULD BE VACATED [SIC] AS IT VIOLATES ORC 2929.18(A)(1)."

I.

{¶15} In her sole Assignment of Error, appellant contends the trial court erred in denying her "motion to vacate sentence" regarding restitution. We disagree.

{¶16} As an initial matter, noting that the restitution order appellant has challenged arises from a judicial release order, we must briefly *sua sponte* mention the issue of final appealability. Generally, decisions concerning judicial release are not final appealable

orders. *See State v. Rowbotham,* 7th Dist. Mahoning No. 12 MA 152, 2013-Ohio-2286, ¶ 1; *State v. Gondeau-Guttu,* 8th Dist. Cuyahoga No. 94027, 2010-Ohio-3321, ¶ 12. *But, see* R.C. 2953.08(B)(3). As such, this raises the question of whether a final appealable order exists where a defendant has been denied a request to partially "vacate" a post-sentence judicial release order. However, this issue was not brought out in the briefs in the case *sub judice,* and we will thus proceed to the merits of this matter in the interest of justice.

{¶17} R.C. 2929.18(A)(1) permits a trial court, in imposing a sentence upon an offender for a felony, to order certain financial sanctions, including "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." Specifically, "[i]f the court imposes restitution, the court shall order that the restitution be made to the victim in open court ***." *Id.*

{¶18} Furthermore, R.C. 2929.20(K) states in pertinent part that if a trial court grants a motion for judicial release, the court shall "place the offender under an appropriate community control sanction," which includes, under R.C. 2929.15(A)(1), the election of a financial sanctions such as restitution under R.C. 2929.18.

{¶19} Nonetheless, a trial court is only required to "consider" a defendant's present and future ability to pay prior to ordering restitution; while a trial court may hold a hearing on the issue of ability to pay, such a hearing is not mandatory unless the defendant disputes the amount at the imposition of sentence. *See State v. Caudill,* 5th Dist. Ashland No. 03-COA-031, 2004-Ohio-2803, ¶ 11; 2929.18(A)(1)/(E); 2929.19(B)(5).

{¶20} Appellant herein emphasizes that the trial court did not determine the amount of her restitution, either at sentencing on March 3, 2009 or at the judicial release

hearing on December 6, 2010.[3]  In her brief, appellant directs us to case law supporting the proposition that a trial court commits plain error in failing to establish the amount of restitution at the sentencing hearing and/or in open court. *See State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 69; *State v. Collins,* 2d Dist. Montgomery No. 21182, 2006–Ohio–3036, ¶ 4; *State v. Brodman,* 3d Dist. Hardin Nos. 6–02–05 and 6–02–06, 2002–Ohio–5584, ¶ 10; *State v. Clark*, 2d Dist. Clark No. 08CA0090, 2010-Ohio-4760, ¶ 34.

**{¶21}**  However, our research indicates the latter three of the aforesaid cases were all direct appeals from the defendants' convictions and sentences, while *Leonhart* was an appeal from an amended sentencing entry issued by the Washington County Court of Common Pleas after the Fourth District Court of Appeals had remanded the matter for want of a final appealable order. In contrast, appellant in the case *sub judice* presently appeals from the denial of her motion to vacate her sentence, more than six years after her conviction and sentence, more than four years after the trial court ordered restitution as part of its judicial release orders, and after five "status" hearings were conducted, one of which resulted in a stipulation to the amount of restitution.

**{¶22}**  As a general rule, once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the Ohio General Assembly. *See State v. Hayes* (1993), 86 Ohio App.3d 110, 619 N.E.2d 1188. One such statutory exception to this rule is modification through judicial release. *See State v. Terry*, 10th Dist. Franklin No. 11AP-127, 2011-Ohio-6666, ¶ 8, citing *State v. Longmire,* 11th

---

3    Appellant does not dispute the procedural fact that the trial court held additional hearings regarding her ability to pay on December 19, 2011, February 13, 2012, June 27, 2012, August 3, 2012, and November 19, 2012.

Dist. Portage No. 2001–P–0014, 2002–Ohio–7153, ¶ 14. But whether restitution is ordered via the original sentence or as part of a judicial release order, we find the proper principle must be that where the amount a defendant will pay is stipulated, any dispute as to the reasonableness of such amount has been waived. *See State v. Myrick*, 8th Dist. Cuyahoga No. 91492, 2009-Ohio-2030, ¶ 31, citing *State v. Rini* (Apr. 10, 1997), Cuyahoga App. No. 69489. Applying that principle in the case *sub judice*, and reiterating that appellant waited until 2015 to challenge her restitution obligation despite her stipulation to the amount in 2011 and several post-sentence court appearances in 2011 and 2012, we hold the trial court did not err in denying appellant's motion to vacate under the circumstances.

{¶23} Appellant's sole Assignment of Error is therefore overruled.

{¶24} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Hoffman, J., concur.

JWW/d 0411